■ TAYLOR-WARNER CORPORATION, Respondent, v MYRON MINSKOFF et al., Appellants.—In an action, inter alia, to recover damages for breach of contract, the defendants appeal from an order of the Supreme Court, Nassau County (Collins, J.), entered January 11, 1989, which denied their motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed.

In 1983, the defendant developer Garden City Plaza, Inc. (hereinafter GCP) purchased a parcel of undeveloped land in Garden City for the purpose of constructing a condominium complex. GCP contracted with the plaintiff Taylor-Warner Corporation (hereinafter TWC) to be its exclusive sales agent for the condominium units. GCP experienced difficulties in financing the project and the condominiums were never built. Finally, in March 1987, GCP sold the still-undeveloped land to a third party. TWC then commenced this action against GCP and Myron Minskoff, the president, a director and the majority shareholder of GCP, to recover damages for breach of contract.

The defendants have met their burden of sufficiently establishing, as a matter of law, entitlement to summary judgment in their favor (see, Frank Corp. v Federal Ins. Co., 70 NY2d 966). Once a prima facie showing has been made, the burden shifts to the opposing party who "must produce evidentiary proof in admissible form sufficient to require a trial of material questions of fact * * * or must demonstrate acceptable excuse for his failure to meet the requirement of tender in admissible form" (Zuckerman v City of New York, 49 NY2d 557, 562). Mere conclusions or unsubstantiated allegations are insufficient to raise a triable issue of fact (Frank Corp. v Federal Ins. Co., supra).

In this case, TWC's papers in opposition to the motion for summary judgment are fatally deficient with respect to the issue of breach of contract. The defendants effectively terminated the contract in compliance with a 30-day notice of termination provision (see, New York Tel. Co. v Jamestown Tel. Corp., 282 NY 365, 373; Niagara Mohawk Power Corp. v Graver Tank & Mfg. Co., 470 F Supp 1308, 1316 [applying New York law]; see also, Alco Std. Corp. v Schmid Bros., 647 F Supp 4, 7 [applying New York law]). Although the cited cases do not impose a good-faith restriction on a unilateral termination clause, the defendants, in any event, did not act in bad faith when they sold the undeveloped land after years of trying to secure financing, without success, for the project. Further, TWC's claim sounding in quantum meruit must be dismissed, as it arises from the same subject matter covered by the contract (see, Clark-Fitzpatrick, Inc. v Long Is. R. R. Co., 70 NY2d 382, 388).

In light of our determination, we need not address the defendants' other contention. Thompson, J. P., Lawrence, Eiber and Ritter, JJ., concur.