■ STEFANIE N. MERSON et al., Appellants, v SYOSSET CENTRAL SCHOOL DISTRICT et al., Respondents. [730 NYS2d 132] —In an action to recover damages for personal injuries, etc.,

the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Winick, J.), entered April 3, 2000, as granted those branches of the separate motions of the defendants, Syosset Central School District and Kompan Northeast, Inc., which were for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is modified, on the law, by deleting the provision thereof granting that branch of the motion of the defendant Syosset Central School District which was for summary judgment dismissing the complaint insofar as asserted against it, and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed insofar as appealed from, with one bill of costs payable by the defendant Syosset Central School District to the defendant Kompan Northeast, Inc.

The infant plaintiff, a seven-year-old second-grade student in the defendant Syosset Central School District (hereinafter the School District), allegedly was injured in a playground accident at school. While crossing the chain-walk section of a piece of playground equipment, her foot became caught in one of four low-lying chains which were strung parallel between two platforms, causing her to fall. The plaintiffs commenced this action against the School District and the defendant Kompan Northeast, Inc. (hereinafter Kompan). Kompan's predecessor had manufactured and installed the equipment.

The plaintiffs contend that the Supreme Court erred in granting the School District summary judgment dismissing the complaint insofar as asserted against it. We agree. A school district owes a duty to its students to exercise the same degree of care as would a parent of ordinary prudence under similar circumstances (*see, Lawes v Board of Educ.,* 16 NY2d 302; *Merkley v Palmyra-Macedon Cent. School Dist.,* 130 AD2d 937). In opposition to the School District's prima facie showing of entitlement to judgment as a matter of law, the plaintiffs raised a triable issue of fact as to whether it breached its duty by failing to instruct second-grade students on the safe use of the playground equipment and warn them about the potential dangers of attempting to cross over the low-lying chains (*see, Hubbard v East Meadow Union Free School Dist.,* 277 AD2d 353; *Baker v Briarcliff School Dist.,* 205 AD2d 652; *Moschella v Archdiocese of N. Y.,* 48 AD2d 856).

However, the Supreme Court properly granted Kompan summary judgment dismissing the complaint insofar as asserted against it. Kompan established its entitlement to judgment as

a matter of law. In opposition, the affidavit of the plaintiffs' expert was insufficient to raise a triable issue of fact as to whether the playground equipment was improperly designed. The affidavit relied upon alleged violations of guidelines promulgated by the Consumer Product Safety Commission, which are neither mandatory nor intended to be the exclusive standards for playground safety (*see, Pinzon v City of New York,* 197 AD2d 680; *McCarthy v State of New York,* 167 AD2d 516). Moreover, the plaintiffs failed to raise a triable issue of fact as to whether the alleged departures from these guidelines were a proximate cause of the accident. Altman, J. P., Krausman, McGinity and Cozier, JJ., concur.