■ ANDRES LOPEZ et al., Respondents, v FREEPORT UNION FREE SCHOOL DISTRICT, Appellant. [734 NYS2d 97] —In an action to recover damages for personal injuries, etc., the defendant appeals from an order of the Supreme Court, Nassau County (Martin, J.), entered May 17, 2001, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed.

The infant plaintiff commenced this action against the defen-

dant after he was injured on a school playground. The accident occurred when, during the course of playing on a jungle gym apparatus, the infant plaintiff failed to catch hold of one of the bars and fell to the ground. The defendant's motion for summary judgment was denied by the Supreme Court on the grounds that there were triable issues of fact with respect to the level of supervision on the playground and whether or not the playground area was properly maintained. We reverse.

Assuming the existence of triable issue of fact with respect to the defendant's allegedly negligent supervision, liability for any such negligent supervision does not lie absent a showing that it constitutes a proximate cause of the injury sustained (*see, Schlecker v Connetquot Cent. School Dist.,* 150 AD2d 548). Where, as here, the "accident occurs in so short a span of time that 'even the most intense supervision could not have prevented it,' lack of supervision is not the proximate case of the injury and summary judgment in favor of the school defendant[ ] is warranted" (*Janukajtis v Fallon,* 284 AD2d 428, quoting *Convey v City of Rye School Dist.,* 271 AD2d 154, 160).

Furthermore, the defendant established its entitlement to summary judgment as a matter of law by demonstrating that the playground was maintained in a reasonably safe condition so as to be free of defects (*see, Rhabb v New York City Hous. Auth.,* 41 NY2d 200; *Seideman v County of Monroe,* 185 AD2d 640). The plaintiffs failed to raise a triable issue of fact in opposition thereto (*see, Alvarez v Prospect Hosp.,* 68 NY2d 320). In particular, the affidavit of the plaintiffs' expert was insufficient in this regard (*see, Amatulli v Delhi Constr. Corp.,* 77 NY2d 525; *see also, Merson v Syosset Cent. School Dist.,* 286 AD2d 668; *Pinzon v City of New York,* 197 AD2d 680). Santucci, J. P., McGinity, Luciano and Adams, JJ., concur.