■ THERESA NAVARRA et al., Respondents, v LYNBROOK PUBLIC SCHOOLS, LYNBROOK UNION FREE SCHOOL DISTRICT, Appellant. [733 NYS2d 730] —In an action to recover damages for personal injuries, etc., the defendant appeals from an order of the Supreme Court, Nassau County (Bucaria, J.), dated April 27, 2001, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed.

On September 18, 1997, the plaintiff Theresa Navarra, then seven years of age, allegedly sustained personal injuries, when, during a school recess, she fell from "parallel bars" in the defendant's playground. According to the infant plaintiff, she was sitting on the parallel bars and fell off as she attempted to descend. At the time of the incident, there were four second-grade classes on the playground, totaling approximately 95 students, including four special education students, and either two or three teachers or aides supervising the children.

The defendant demonstrated, prima facie, its entitlement to summary judgment as a matter of law, by showing that there was adequate playground supervision and, in any event, that the level of supervision was not the proximate cause of the incident (*see, Tessier v New York City Health & Hosps. Corp.,* 177 AD2d 626). The burden then shifted to the plaintiffs to produce evidentiary proof in admissible form sufficient to show the existence of a triable question of fact (*see, Taylor-Warner Corp. v Minskoff,* 167 AD2d 382). The plaintiffs failed to raise a triable issue of fact as to inadequate supervision and whether the level of supervision was a proximate cause of the alleged accident. Therefore, the plaintiffs did not meet their burden of proof as a matter of law, and the motion for summary judgment should have been granted. Ritter, J. P., Feuerstein, Townes and Prudenti, JJ., concur.