■ Donald L. Davidson et al., Respondents, v Sachem Central School District et al., Appellants. [751 NYS2d 300] —In an action to recover damages for personal injuries, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Klein, J.), entered November 21, 2001, as denied that branch of their motion which was for summary judgment dismissing the complaint.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, that branch of the motion which was for summary judgment is granted, and the complaint is dismissed.

The defendants made a prima facie showing of their entitlement to judgment as a matter of law with respect to the plaintiffs' negligent supervision cause of action by showing that there was adequate playground supervision, and that the level of supervision was not the proximate cause of the accident (*see Navarra v Lynbrook Pub. Schools, Lynbrook Union Free School Dist.,* 289 AD2d 211; *Lopez v Freeport Union Free School Dist.,* 288 AD2d 355). The burden then shifted to the plaintiffs to raise a triable issue of fact as to the adequacy of supervision and whether inadequate supervision was a proximate cause of the infant plaintiff's injuries. The plaintiffs did not meet that burden (*see Navarra v Lynbrook Pub. Schools, Lynbrook Union Free School Dist., supra; Lopez v Freeport Union Free School Dist., supra*). The infant plaintiff was engaged in an approved use of a playground apparatus at the time of the accident, and there was no proof that closer supervision would have prevented the accident. Thus, we find that the defendants are entitled to summary judgment dismissing the negligent supervision cause of action.

On the issue of negligent maintenance, installation, and design of the playground apparatus, we find that the defendants met their prima facie burden of showing that they did not create an unsafe or defective condition (*see Kaplan v Waldbaum's, Inc.,* 231 AD2d 680). In opposition, the plaintiffs' expert opined

that the playground apparatus was inherently dangerous as designed and/or installed because it did not meet American Society of Testing Material standards, or standards established by the Consumer Product Safety Commission. These standards, however, are guidelines and are not mandatory, and, as such, are insufficient to raise an issue of fact regarding negligent design or installation (*see Merson v Syosset Cent. School Dist.,* 286 AD2d 668; *Pinzon v City of New York,* 197 AD2d 680; *McCarthy v State of New York,* 167 AD2d 516). Further, the expert's conclusion that violations occurred was not based on measurements taken of the playground apparatus, but rather, from measurements derived from photographs taken by others and from the manufacturer's specifications. While testimony of an expert based on photographs often is acceptable, it is essential that the facts upon which the expert relies must be "fairly inferable" from the evidence (*Matter of Aetna Cas. & Sur. Co. v Barile,* 86 AD2d 362, 364-365; *cf. Kozma v Biberfeld,* 264 AD2d 817). Here, there are too many variables for the expert to determine exact measurements of the playground apparatus from the photographs. Thus, the defendants were entitled to summary judgment on this cause of action as well. Feuerstein, J.P., Smith, O'Brien and Adams, JJ., concur.