■ TINA CAPOTOSTO et al., Respondents, v ROMAN CATHOLIC DIOCESE OF ROCKVILLE CENTRE et al., Appellants. [767 NYS2d 857]—

In an action to recover damages for personal injuries, etc., the defendants appeal from an order of the Supreme Court, Suffolk County (Burke, J.), dated November 1, 2002, which denied their motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed.

On April 22, 1997, the infant plaintiff, then eight years old and in the third grade, was injured while playing two-hand touch football with three other boys on the playground of his school, the defendant Saint Patrick's School (hereinafter the school). The injury occurred during supervised lunchtime recess at the school, when the infant plaintiff, in an attempt to catch a low-thrown pass, was struck in the head by the knee of a second-grade schoolmate defending the play, causing the infant plaintiff's head to strike the blacktop surface of the playground. The plaintiffs commenced this action, contending that the defendants inadequately supervised the children on the playground, and negligently provided the infant plaintiff with an unsafe surface on which to play. The defendants' motion for summary judgment dismissing the complaint was denied on the ground that there were triable issues of fact as to whether the defendants adequately supervised the infant plaintiff. We reverse.

"Schools are under a duty to adequately supervise students in their charge, and they will be held liable for foreseeable injuries proximately related to absence of adequate supervision" (*Mirand v City of New York*, 84 NY2d 44, 49 [1994]; *see Kandkhorov v Pinkhasov*, 302 AD2d 432, 433 [2003]). Assuming that there is a triable issue of fact with respect to the adequacy of supervision, the defendants cannot be found liable absent a showing that the alleged negligent supervision constituted a proximate cause of the injury sustained (*see Lopez v Freeport Union Free School Dist.*, 288 AD2d 355, 356 [2001]; *see also Berdecia v City of New York*, 289 AD2d 354 [2001]; *Navarra v Lynbrook Pub. Schools, Lynbrook Union Free School Dist.*, 289 AD2d 211 [2001]).

The accident in this case was caused by a "spontaneous and unforeseeable act committed by a fellow . . . student when the

two collided" (*Sangineto v Mamaroneck Union Free School Dist.*, 282 AD2d 596 [2001]; *see also Wuest v Board of Educ.*, 298 AD2d 578 [2002]; *Shabot v East Ramapo School Dist.*, 269 AD2d 587 [2000]; *Buckvar v Syosset Cent. School Dist.*, 148 AD2d 409 [1989]). Under these circumstances, "no amount of supervision, however intense, would have succeeded in preventing the accident" (*Ancewicz v Western Suffolk BOCES*, 282 AD2d 632, 634 [2001]; *see also Janukajtis v Fallon*, 284 AD2d 428, 430 [2001]; *Convey v City of Rye School Dist.*, 271 AD2d 154, 160 [2000]). Therefore, the plaintiffs failed to meet their burden of proving that inadequate supervision was a proximate cause of the injury (*see Lopez v Freeport Union Free School Dist., supra; Convey v City of Rye School Dist., supra*).

Furthermore, the defendants established their entitlement to judgment as a matter of law by demonstrating that the blacktop playground surface was maintained in a reasonably safe condition (*see Lopez v Freeport Union Free School Dist., supra*). Contrary to the plaintiffs' contention, the use of asphalt or blacktop as a playground surface for touch football is not inherently dangerous (*see Stewart v New York City Hous. Auth.*, 33 AD2d 901 [1970]; *McGill v 39 Casino St. Corp.*, 16 AD2d 832, 833 [1962]; *see also Washington v City of Yonkers*, 293 AD2d 741 [2002]). The plaintiffs may not rely on the nonmandatory recommendations and guidelines promulgated by governmental and professional entities to prove the contrary (*see Washington v City of Yonkers, supra; Merson v Syosset Cent. School Dist.*, 286 AD2d 668, 669-670 [2001]; *Pinzon v City of New York*, 197 AD2d 680, 681 [1993]; *McCarthy v State of New York*, 167 AD2d 516, 517 [1990]). Absent proof that a particular guideline or recommendation has been adopted in actual practice, it cannot be held to impose a heightened standard of care upon the defendants (*see Dash v City of New York*, 236 AD2d 579, 580 [1997]; *Rosario v City of New York*, 157 AD2d 467 [1990]; *see generally Diaz v New York Downtown Hosp.*, 99 NY2d 542 [2002]), and the affidavit of the plaintiffs' expert was insufficient to raise a triable issue of fact in this regard (*see Diaz v New York Downtown Hosp., supra; Merson v Syosset Cent. School Dist., supra*). McGinity, J.P., Luciano, Schmidt and Rivera, JJ., concur.