ELIZABETH J. DAVID et al., Respondents, v CITY OF NEW YORK et al., Defendants, and SAINT RAYMOND'S SCHOOL, Appellant. [835 NYS2d 377]—

In an action to recover damages for personal injuries, etc., the defendant Saint Raymond's School appeals, as limited by its brief, from so much of an order of the Supreme Court, Queens County (Flug, J.), entered May 23, 2006, as denied that branch of its motion which was for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the motion of the defendant Saint Raymond's School which was for summary judgment dismissing the complaint insofar as asserted against it is granted.

On October 16, 2003 the infant plaintiff Elizabeth J. David, a kindergarten student at the appellant's school, was injured during a hay ride on a school field trip to the Green Meadows Farm in Floral Park. The infant plaintiff cut her eyelid when the large wagon in which she and others rode hit a bump and threw her from her seat to the floor of the wagon. The plaintiffs allege that the appellant's teachers were negligent in that they failed to adequately supervise the infant plaintiff.

"Schools are under a duty to adequately supervise students in their charge and they will be held liable for foreseeable injuries proximately related to the absence of adequate supervision" (*Mirand v City of New York*, 84 NY2d 44, 49 [1994]; *see Swan v Town of Brookhaven*, 32 AD3d 1012, 1013 [2006]). While "[a] school is not an insurer of the safety of its students," it "is obligated to exercise such care over students in its charge that a parent of ordinary prudence would exercise under comparable circumstances" (*David v County of Suffolk*, 295 AD2d 556 [2002], citing *Mirand v City of New York, supra*).

In support of its motion for summary judgment, the appellant established its entitlement to judgment as a matter of law by demonstrating that it did not breach its duty of supervision, either by not providing a sufficient number of supervisors or by failing to adequately supervise the plaintiff (*see Davidson v Sachem Cent. School Dist.*, 300 AD2d 276 [2002]; *David v County of Suffolk, supra*; *Navarra v Lynbrook Pub. Schools, Lynbrook Union Free School Dist.*, 289 AD2d 211 [2001]; *Berdecia v City of New York*, 289 AD2d 354, 355 [2001]; *see generally Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]; *cf. Oliverio v Lawrence Pub. Schools*, 23 AD3d 633, 634-635 [2005]).

As to the teacher-student ratio, it is undisputed that one supervisor was sitting next to the infant plaintiff in the wagon at the time of her injury, another was riding across from her, and 12 other adult supervisors were present with the approximately 40 students. This level of supervision was adequate under the circumstances (*see Berdecia v City of New York, supra; Navarra v Lynbrook Pub. Schools, Lynbrook Union Free School Dist., supra*).

As to the allegation of negligent supervision, the testimony proffered by the appellant demonstrated that prior field trips to the farm, which included hay rides, had passed without incident and that the school had no knowledge or notice that a hay ride would be hazardous to a child of the infant plaintiff's age or that there were any specific hazards on the wagon that might injure her (*see Morning v Riverhead Cent. School Dist.*, 27 AD3d 435, 436-437 [2006]; *Gattyan v Scarsdale Union Free School Dist. No. 1*, 152 AD2d 650, 652 [1989]).

In opposition to the appellant's establishment of its entitlement to judgment as a matter of law, the plaintiffs failed to raise a triable issue of fact (*see generally Alvarez v Prospect Hosp., supra*). Accordingly, the Supreme Court should have granted that branch of the appellant's motion which was for summary judgment dismissing the complaint insofar as asserted against it. Spolzino, J.P., Krausman, Skelos and Dickerson, JJ., concur.