■ MICHAEL PEUPLIE et al., Appellants, v LONGWOOD CENTRAL SCHOOL DISTRICT, Respondent. [854 NYS2d 491]—

On October 10, 2000 the infant plaintiff , then in the third grade, was injured during lunchtime recess when he fell from a flexible grid climbing device (hereinafter the cargo climber) on the school playground. The plaintiffs commenced the instant action against the defendant, Longwood Central School District (hereinafter the School District), alleging, inter alia, that the infant plaintiff was injured as a result of negligent supervision and a dangerous and defective condition in the cargo climber.

A staff assistant employed by the School District was the only adult supervising the infant plaintiff's class of 25 to 28 students at the time of his fall. According to her deposition testimony, the staff assistant previously instructed the children to hold onto any climbing equipment with both hands and told them she would blow her whistle twice if a child was doing something wrong. While standing approximately 30 feet away from the cargo climber, the staff assistant observed the infant plaintiff descend with his back to her, facing the cargo climber while holding on with both hands. When he tried to step off, his foot became entangled in a lower rung and he fell. She estimated that she had been observing the infant plaintiff for 10 seconds, but that she could not get to him while he was falling because the fall happened very quickly.

The infant plaintiff testified that, just before the accident, he saw the staff assistant, but he could not estimate her distance from him. He held the vertical posts on either side of the cargo climber and descended it facing outward, away from the equipment. After descending two rungs, he could no longer hold onto the posts. As he tried to step down to the next rung, his foot became entangled and he fell onto his back.

The Supreme Court granted summary judgment to the School District, determining, inter alia, that any negligent supervision was not a proximate cause of the accident, which happened too quickly to be prevented. We modify.

While the School District made a prima facie showing of its entitlement to judgment as a matter of law with respect to so much of the first cause of action as sought damages based upon an alleged breach of the School District's duty of supervision (*see David v County of Suffolk*, 1 NY3d 525, 526 [2003]; *Mirand v City of New York*, 84 NY2d 44, 49 [1994]), the plaintiff, in response, raised triable issues of fact as to whether that duty was breached, and, if so, as to whether a breach of duty was a proximate cause of the accident. In this regard, there was conflicting testimony as to whether the infant plaintiff descended the cargo climber facing outward, away from the apparatus. Photographs and descriptions of the flexible cargo climber in the record demonstrate that a child facing outward while descending would have difficulty holding onto the large vertical posts on either side or onto the rungs behind him or her, and thus a jury would be entitled to determine that use of the cargo climber in this manner was unsafe, relying upon its "own common experience" (*Mirand v City of New York*, 84 NY2d at 51). Further, issues of fact exist as to whether the staff assistant, who, as noted above, would blow a whistle upon observing a child engaging in unsafe behavior, observed this unsafe descent, and as to whether she had sufficient time to warn the infant plaintiff or otherwise attempt to prevent a foreseeable injury (*see Clark v Susquehanna Val. Cent. School Dist.*, 19 AD3d 926, 928 [2005]; *cf. David v County of Suffolk*, 1 NY3d at 526). Accordingly, the Supreme Court should have denied that branch of the School District's motion which was for summary judgment dismissing so much of the first cause of action as sought damages based upon the School District's alleged negligent supervision.

In contrast, the Supreme Court properly granted that branch of the School District's motion which was for summary judgment dismissing so much of the first cause of action as sought to recover damages based upon a dangerous or defective condition. The School District made a prima facie showing of its entitlement to judgment as a matter of law with respect to so much of the first cause of action as sought damages based upon a dangerous or defective condition by showing that the cargo climber was not inherently unsafe or defective (*see Davidson v Sachem Cent. School Dist.*, 300 AD2d 276, 276-277 [2002]). In opposition, the plaintiffs, who submitted the affidavit of an

expert who relied upon nonmandatory guidelines promulgated by the Consumer Product Safety Commission, failed to raise a triable issue of fact (*see Capotosto v Roman Catholic Diocese of Rockville Ctr.*, 2 AD3d 384, 386 [2003]; *Davidson v Sachem Cent. School Dist.*, 300 AD2d at 277; *Merson v Syosset Cent. School Dist.*, 286 AD2d 668, 670 [2001]). Accordingly, the Supreme Court properly granted that branch of the School District's motion which was for summary judgment dismissing so much of the first cause of action as sought to recover damages based upon a dangerous or defective condition.

The plaintiffs' remaining contentions are without merit or need not be reached in light of our determination. Miller, J.P., Covello, Eng and Chambers, JJ., concur.