■ Alexandra Bergin et al., Appellants, v Town of Oyster Bay, Respondent. [858 NYS2d 318]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Nassau County (Parga, J.), entered December 22, 2006, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The infant plaintiff Alexandra Bergin allegedly was injured when she fell from a horizontal ladder apparatus at a playground owned by the defendant Town of Oyster Bay. As the infant plaintiff reached for the third rung of the horizontal ladder, her hand slipped from the rung and she fell to the ground. The plaintiffs alleged that the injuries sustained by the infant plaintiff were the result of inadequate ground cover on the playground surface beneath the horizontal ladder.

The defendant established its prima facie entitlement to judgment as a matter of law by presenting evidence that it maintained the playground in a reasonably safe condition (*see Swan v Town of Brookhaven,* 32 AD3d 1012, 1013 [2006]; *Capotosto v Roman Catholic Diocese of Rockville Ctr.,* 2 AD3d 384, 386

[2003]; *Banks v Freeport Union Free School Dist.,* 302 AD2d 341, 341-342 [2003]; *Lopez v Freeport Union Free School Dist.,* 288 AD2d 355, 356 [2001]). The nonmandatory United States Consumer Product Safety Commission guidelines referred to by the plaintiffs, as well as the other proof offered in opposition to the motion, was insufficient to raise a triable issue of fact as to whether there was a dangerous or defective condition at the playground on the day of the accident (*see Swan v Town of Brookhaven,* 32 AD3d at 1013; *Capotosto v Roman Catholic Diocese of Rockville Ctr.,* 2 AD3d at 386; *Merson v Syosset Cent. School Dist.,* 286 AD2d 668, 670 [2001]; *cf. Gonzalez v Board of Educ. of City of Yonkers,* 298 AD2d 358, 359 [2002]). Spolzino, J.P., Balkin, Dickerson and Belen, JJ., concur.