In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Suffolk County (R. Doyle, J.), dated November 15, 2007, which denied their motion for summary judgment dismissing the complaint.
Ordered that the order is reversed, on the law, with costs, and the defendants’ motion for summary judgment dismissing the complaint is granted.
The infant plaintiff (hereinafter the plaintiff) allegedly was swinging from a metal ring apparatus in a school playground *507 when he lost his grip, fell, and sustained injuries. The plaintiff, by his mother, commenced this action alleging that the defendants negligently failed to supervise him and failed to maintain the playground in a reasonably safe manner. The defendants moved for summary judgment dismissing the complaint, contending that they adequately supervised the plaintiff and adequately maintained the playground. The plaintiff opposed the motion and submitted, inter alia, an affidavit of an expert who had not previously been disclosed. The Supreme Court denied the motion on the ground that the defendants failed to meet their initial burden as the movants. We reverse.
The defendants established, prima facie, that there was adequate playground supervision and, in any event, that lack of supervision was not a proximate cause of the accident (see Benson v Union Free School Dist. #23, 37 AD3d 748 [2007]; Botti v Seaford Harbor Elementary School Dist. 6, 24 AD3d 486 [2005]; Navarra v Lynbrook Pub. Schools, Lynbrook Union Free School Dist., 289 AD2d 211 [2001]). In opposition, the plaintiff failed to raise a triable issue of fact. The nonmandatory guidelines relied upon by the plaintiffs expert were insufficient to raise a triable issue of fact (see Peuplie v Longwood Cent. School Dist., 49 AD3d 837 [2008]; Davidson v Sachem Cent. School Dist, 300 AD2d 276 [2002]). Contrary to the plaintiffs contention, the plaintiff was engaged in an approved use of a playground apparatus at the time of the accident. In any event, the accident occurred in so short a span of time that closer supervision could not have prevented the accident (see Reardon v Carle Place Union Free School Dist., 27 AD3d 635, 636 [2006]; see also Swan v Town of Brookhaven, 32 AD3d 1012 [2006]; Davidson v Sachem Cent. School Dist., 300 AD2d 276 [2002]; Lopez v Freeport Union Free School Dist., 288 AD2d 355 [2001]).
In response to the defendants’ demonstration, as a matter of law, that they maintained the playground in a reasonably safe condition, the plaintiff failed to submit evidence sufficient to raise a triable issue of fact as to whether there was sufficient gravel below the metal ring apparatus (see Bergin v Town of Oyster Bay, 51 AD3d 698 [2008]; Sobti v Lindenhurst School Dist., 35 AD3d 439 [2006]; Swan v Town of Brookhaven, 32 AD3d 1012 [2006]; Capotosto v Roman Catholic Diocese of Rockville Ctr., 2 AD3d 384 [2003]).
Accordingly, the Supreme Court should have granted the defendants’ motion for summary judgment dismissing the complaint. Skelos, J.E, Angiolillo, Balkin and Leventhal, JJ., concur. [See 2007 NY Slip Op 33845(U).]