■ Jessica Troiani et al., Respondents, v White Plains City School District et al., Appellants. [882 NYS2d 519]—

In an action to recover damages for personal injuries, etc., the defendants appeal from an order of the Supreme Court, Westchester County (Liebowitz, J.), entered January 5, 2009, which denied their motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, and the motion for summary judgment dismissing the complaint is granted.

The infant plaintiff, a five-year-old kindergarten student attending the defendant George Washington Elementary School, was injured when she fell from monkey bars in the school's playground during recess. At the time of the accident, there were approximately 100 students in the schoolyard with six teachers' aides to supervise them. One teacher's aide was specifically assigned to supervise the monkey bars upon which the infant plaintiff was playing at the time of the accident.

The plaintiffs commenced this action, alleging, inter alia, that the defendants were negligent in failing to provide adequate supervision of the students on the playground and in permitting the infant plaintiff to use playground equipment which was purportedly inappropriate for a five year old. The defendants moved for summary judgment dismissing the complaint and the Supreme Court denied the motion, finding that issues of fact

existed as to whether there was adequate supervision of the students in the playground during recess and whether the playground equipment was safe and suitable for a five year old. The defendants appeal.

Schools have a duty to adequately supervise students in their charge and will be held liable for foreseeable injuries proximately related to the absence of adequate supervision (*see Mirand v City of New York,* 84 NY2d 44, 499 [1994]). Nevertheless, schools are not insurers of their students' safety (*see David v County of Suffolk,* 1 NY3d 525 [2003]; *Ungaro v Patchogue-Medford, N.Y. School Dist.,* 19 AD3d 480 [2005]; *Calabrese v Baldwin Union Free School Dist.,* 294 AD2d 388, 389 [2002]).

Here, the defendants established their prima facie entitlement to judgment as a matter of law dismissing the complaint. They demonstrated that they provided adequate supervision during recess and, in any event, that the accident occurred in such a manner that it could not reasonably have been prevented by closer monitoring, thereby negating any ·alleged lack of supervision as the proximate cause of the infant plaintiff's injuries (*see Weinblatt v Eastchester Union Free School Dist.,* 303 AD2d 581 [2003]; *Berdecia v City of New York,* 289 AD2d 354 [2001]; *Navarra v Lynbrook Pub. Schools, Lynbrook Union Free School Dist.,* 289 AD2d 211 [2001]; *Lopez v Freeport Union Free School Dist.,* 288 AD2d 355 [2001]). Additionally, the defendants submitted expert evidence demonstrating that the playground equipment was appropriate for the infant plaintiff's age group, and was not defective.

In opposition to the motion, the plaintiffs failed to raise a triable issue of fact. They argued, inter alia, that the equipment did not comply with safety guidelines promulgated by the American Society for Testing and Materials. However, even if the equipment did not comply with those guidelines, such guidelines are insufficient to raise an issue of fact regarding negligent design or installation (*see Capotosto v Roman Catholic Diocese of Rockville Ctr.,* 2 AD3d 384, 386 [2003]; *Davidson v Sachem Cent. School Dist.,* 300 AD2d 276 [2002]; *Merson v Syosset Cent. School Dist.,* 286 AD2d 668 [2001]). Accordingly, the defendants' motion for summary judgment dismissing the complaint should have been granted.

The plaintiffs' remaining contention is without merit. Florio, J.P., Miller, Covello and Austin, JJ., concur.