■ DARREN ZELOUF, an Infant, by His Mother and Natural Guardian, KATHRIN ZELOUF, et al., Respondents, v GREAT NECK UNION FREE SCHOOL DISTRICT et al., Appellants. [909 NYS2d 650]—

In an action to recover damages for personal injuries, etc., the defendants appeal from an order of the Supreme Court, Nassau County (Spinola, J.), dated December 10, 2009, which denied their motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

On the date of the incident at issue, the infant plaintiff was waiting for his mother to pick him up from school after wrestling practice, when he and his schoolmates decided to participate in a foot race. The infant plaintiff and his schoolmates were just outside of the school building in a designated waiting area. For the foot race, the infant plaintiff and his schoolmates ran from one entrance and exit door to another entrance and exit door on the opposite side. The infant plaintiff allegedly sustained injuries when his hand crashed into a glass panel on the second entrance and exit door.

Since the defendants failed to meet their initial burden as the movant, the Supreme Court properly denied their motion for summary judgment. Triable issues of fact exist as to whether the infant plaintiff was within the orbit of the defendants' authority at the time of the accident (*see Pratt v Robinson*, 39 NY2d 554 [1976]), if so, whether the defendants adequately supervised the infant plaintiff (*see Mirand v City of New York*,

84 NY2d 44 [1994]), and, if not, whether their negligent supervision of the infant plaintiff proximately caused his injuries (*see Peuplie v Longwood Cent. School Dist.*, 49 AD3d 837 [2008]). Mastro, J.P., Leventhal, Hall and Lott, JJ., concur.