■ KIWAN TAVARES, an Infant, by His Mother and Natural Guardian, LOURDES TAVARES, et al., Appellants, v CITY OF NEW YORK, Respondent. [930 NYS2d 462]—

On June 28, 2007, the infant plaintiff, Kiwan Tavares, allegedly was injured in a playground when he fell from a ladder on a jungle gym. The playground was owned by the defendant, City of New York.

The defendant established its prima facie entitlement to judgment as a matter of law by offering evidence that it neither created nor had actual or constructive notice of any dangerous conditions on the ladder (*see Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]). In his affidavit submitted in opposition, the plaintiffs' expert relied upon alleged violations of guidelines promulgated by the Consumer Products Safety Commission, " 'which are neither mandatory nor intended to be the exclusive standards for playground safety' " (*Washington v City of Yonkers*, 293 AD2d 741, 742 [2002], quoting *Merson v Syosset Cent. School Dist.*, 286 AD2d 668, 670 [2001]). Thus, the expert affidavit was insufficient to raise a triable issue of fact.

Accordingly, the defendant's motion for summary judgment dismissing the complaint was properly granted. Mastro, J.P., Florio, Eng and Sgroi, JJ., concur.