In an action, inter alia, to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Westchester County (Smith, J.), dated September 8, 2011, which granted the defendants’ motion for summary judgment dismissing the complaint.
Ordered that the order is affirmed, with costs.
The infant plaintiff was injured when he fell from the monkey bars in a school playground during recess. The playground was located within the defendant City of Yonkers and was under the control of the defendant Department of Education of the City of Yonkers. At the time of the incident the playground was being *766 supervised by two teachers’ aides. The plaintiffs alleged, inter alia, that the defendants were negligent in failing to provide adequate supervision of the students on the playground, and in “allowing pupils/students to use age inappropriate equipment, . . . including the subject monkey bars.”
The defendants established their prima facie entitlement to judgment as a matter of law by demonstrating that New York State does not have regulations governing the minimum age or skill level of students who are permitted to play on monkey bars, and that they provided adequate supervision during the subject recess period (see Troiani v White Plains City School Dist., 64 AD3d 701, 702 [2009]; Weinblatt v Eastchester Union Free School Dist., 303 AD2d 581 [2003]; Berdecia v City of New York, 289 AD2d 354 [2001]; Navarra v Lynbrook Pub. Schools, Lynbrook Union Free School Dist., 289 AD2d 211 [2001]; Lopez v Freeport Union Free School Dist., 288 AD2d 355 [2001]).
In opposition, the plaintiffs failed to raise a triable issue of fact. In particular, the affidavit submitted by the plaintiffs’ expert did not offer support for his conclusion that the defendants failed to provided adequate supervision other than his reliance upon nonmandatory recommendations and guidelines, including those regarding the recommended age of students permitted upon certain playground apparatus, issued by the National Association for Sports and Physical Education. Where, as here, there is no proof that any “particular guideline or recommendation has been adopted in actual practice, it cannot be held to impose a heightened standard of care upon the defendants,” and the affidavit of the plaintiffs’ expert was insufficient to raise a triable issue of fact in this regard (Capotosto v Roman Catholic Diocese of Rockville Ctr., 2 AD3d 384, 386 [2003] [citations omitted]; see Davidson v Sachem Cent. School Dist., 300 AD2d 276 [2002]; Merson v Syosset Cent. School Dist., 286 AD2d 668 [2001]).
The plaintiffs’ remaining contentions are without merit.
Accordingly, the defendants’ motion for summary judgment dismissing the complaint was properly granted (see generally Alvarez v Prospect Hosp., 68 NY2d 320 [1986]). Rivera, J.P., Lott, Roman and Sgroi, JJ., concur.