■ DANIEL COHEN, an Infant, by His Father and Natural Guardian, TODD COHEN, Appellant, v HALF HOLLOW HILLS CENTRAL SCHOOL DISTRICT, Respondent. [1 NYS3d 196]—

In an action to recover damages for personal injuries, the plaintiff appeals from (1) an order of the Supreme Court, Suffolk County (Pitts, J.), dated October 3, 2013, which granted the defendant's motion for summary judgment dismissing the complaint, and (2) a judgment of the same court entered December 5, 2013, which, upon the order, is in favor of the defendant and against her, dismissing the complaint.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that one bill of costs is awarded to the defendant.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment in the action (see Matter of Aho, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501 [a] [1]).

The plaintiff, an infant, allegedly sustained injuries when he fell from a balance beam during his school physical education class. The balance beam was about 12 to 14 inches high. There were mats below the balance beam, and the plaintiff fell onto the mats. The plaintiff, by his father and natural guardian, commenced this action against the defendant to recover damages for personal injuries.

On its motion for summary judgment, the defendant established its prima facie entitlement to judgment as a matter of law. It demonstrated that the plaintiff was adequately supervised while he was engaged in an age-appropriate activity and, in any event, that the accident occurred in such a manner that it could not reasonably have been prevented by closer monitoring, thereby negating any alleged lack of supervision as the proximate cause of the plaintiff's injuries (see Paragas v Comsewogue Union Free School Dist., 65 AD3d 1111 [2009]; Troiani v White Plains City School Dist., 64 AD3d 701 [2009]; Reardon v Carle Place Union Free School Dist., 27 AD3d 635 [2006]). Additionally, the defendant demonstrated that the balance beam and the mats below it were not in a defective condition (see Peuplie v Longwood Cent. School Dist., 49 AD3d 837 [2008]; Davidson v Sachem Cent. School Dist., 300 AD2d 276 [2002]).

In opposition, the plaintiff failed to raise a triable issue of fact. Although the plaintiff correctly contends that the Supreme

Court should have considered an expert affidavit submitted in opposition to the motion (*see Rivers v Birnbaum*, 102 AD3d 26, 39 [2012]), even considering the expert's affidavit, the plaintiff failed to raise a triable issue of fact (*see Charles v City of Yonkers*, 103 AD3d 765 [2013]; *Tavares v City of New York*, 88 AD3d 689 [2011]; *Bergin v Town of Oyster Bay*, 51 AD3d 698 [2008]). Accordingly, the Supreme Court properly granted the defendant's motion for summary judgment dismissing the complaint. Hall, J.P., Cohen, Hinds-Radix and LaSalle, JJ., concur.