Boland v North Bellmore Union Free Sch. Dist. (2018 NY Slip Op 05663)





Boland v North Bellmore Union Free Sch. Dist.


2018 NY Slip Op 05663


Decided on August 8, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 8, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
CHERYL E. CHAMBERS
COLLEEN D. DUFFY
HECTOR D. LASALLE, JJ.


2016-03717
 (Index No. 14505/13)

[*1]Brianna Boland, etc., respondent-appellant,
v
North Bellmore Union Free School District, appellant-respondent.


Congdon, Flaherty, O'Callaghan, Reid, Donlon, Travis & Fishlinger, Uniondale, NY (Kathleen D. Foley of counsel), for appellant-respondent.
Mahon, Mahon, Kerins & O'Brien, LLC, Garden City South, NY (Joseph A. Hyland of counsel), for respondent-appellant.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendant appeals and the plaintiff cross-appeals from an order of the Supreme Court, Nassau County (Karen V. Murphy, J.), dated February 26, 2016. The order, insofar as appealed from, denied that branch of the defendant's motion which was for summary judgment dismissing so much of the complaint as alleged negligent maintenance of its premises. The order, insofar as cross-appealed from, granted that branch of the defendant's motion which was for summary judgment dismissing so much of the complaint as alleged negligent training and supervision.
ORDERED that the order is reversed insofar as appealed from, on the law, and that branch of the defendant's motion which was for summary judgment dismissing so much of the complaint as alleged negligent maintenance of its premises is granted; and it is further,
ORDERED that the order is affirmed insofar as cross-appealed from; and it is further,
ORDERED that one bill of costs is awarded to the defendant.
On February 8, 2012, the infant plaintiff allegedly was injured when she fell from an apparatus in the defendant's school playground during recess. The infant plaintiff, by her mother as guardian, commenced this action against the defendant, alleging negligent training and supervision and negligent maintenance of the playground. After issue was joined, the defendant moved for summary judgment dismissing the complaint. The Supreme Court granted that branch of the defendant's motion which was for summary judgment dismissing so much of the complaint as alleged negligent training and supervision and denied that branch of the defendant's motion which was for summary judgment dismissing so much of the complaint as alleged negligent maintenance of its premises. The defendant appeals and the plaintiff cross-appeals.
The defendant established its prima facie entitlement to judgment as a matter of law dismissing so much of the complaint as alleged negligent training and supervision by submitting evidence which demonstrated that it provided adequate training of its staff and playground supervision, and that the level of training or supervision was not a proximate cause of the accident [*2](see Cohen v Half Hollow Hills Cent. Sch. Dist., 123 AD3d 1081, 1082; Davidson v Sachem Cent. School Dist., 300 AD2d 276; Navarra v Lynbrook Pub. Schools, Lynbrook Union Free School Dist., 289 AD2d 211; Lopez v Freeport Union Free School Dist., 288 AD2d 355). In opposition, the plaintiff failed to raise a triable issue of fact. Accordingly, we agree with the Supreme Court's determination granting that branch of the defendant's motion which was for summary judgment dismissing so much of the complaint as alleged negligent training and supervision.
The defendant also established its prima facie entitlement to judgment as a matter of law dismissing so much of the complaint as alleged negligent maintenance of its premises by submitting evidence which demonstrated that it adequately maintained the playground and that it did not create an unsafe or defective condition (see Davidson v Sachem Cent. School Dist., 300 AD2d 276). In opposition, the plaintiff's expert opined, in part, that the ground cover beneath the apparatus from which the plaintiff fell was inherently dangerous as installed and/or maintained, because it did not meet American Society of Testing Material standards or standards established by the Consumer Product Safety Commission. These standards, however, are guidelines and not mandatory, and are insufficient to raise a triable issue of fact regarding negligent installation or maintenance (see Tavares v City of New York, 88 AD3d 689, 690; Davidson v Sachem Cent. School Dist., 300 AD2d at 277; Merson v Syosset Cent. School Dist., 286 AD2d 668, 670). Accordingly, the Supreme Court should have granted that branch of the defendant's motion which was for summary judgment dismissing so much of the complaint as alleged negligent maintenance of its premises.
In light of our determination, we need not reach the defendant's remaining contentions.
BALKIN, J.P., CHAMBERS, DUFFY and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court