Ponzini v Sag Harbor Union Free Sch. Dist. (2018 NY Slip Op 08046)





Ponzini v Sag Harbor Union Free Sch. Dist.


2018 NY Slip Op 08046


Decided on November 21, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 21, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
SHERI S. ROMAN
SANDRA L. SGROI
HECTOR D. LASALLE, JJ.


2018-05240
 (Index No. 23955/13)

[*1]Steven Ponzini, etc., et al., respondents, 
v
Sag Harbor Union Free School District, et al., appellants.


Congdon, Flaherty, O'Callaghan, Reid, Donlon, Travis & Fishlinger, Uniondale, NY (Christine Gasser of counsel), for appellants.
Law Office of Robert E. Schleier, Jr., PLLC, Huntington, NY, for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, etc., the defendants appeal from an order of the Supreme Court, Suffolk County (John H. Rouse, J.), dated March 29, 2018. The order denied the defendants' motion for summary judgment dismissing the complaint.
ORDERED that the order is reversed, on the law, with costs, and the defendants' motion for summary judgment dismissing the compliant is granted.
On October 11, 2012, the infant plaintiff, a kindergarten student at Sag Harbor Elementary School, allegedly sustained personal injuries when he fell from playground equipment during recess. At the time of the accident, the infant plaintiff had been playing on a "Swizzle Stix Bridge," hanging from a crossbar with both hands. His hands were "[k]ind of wet" and he lost his grip, causing him to fall and strike his head.
Thereafter, the infant plaintiff, and his parents suing individually and derivatively, commenced this action against the defendants, Sag Harbor Union Free School District and Sag Harbor Elementary Schools, alleging that the defendants failed to provide adequate supervision and that the playground equipment was defective. The defendants moved for summary judgment dismissing the complaint. In support of their motion, the defendants submitted a transcript of the deposition of Catherine Carlozzi, a monitor employed by the Sag Harbor Elementary Schools. Carlozzi testified that there were 7 to 10 monitors for a group of, at most, 80 children at the time of the infant plaintiff's accident. In addition, the defendants submitted a transcript of the deposition of Thomas Fitzpatrick, an employee of the manufacturer of the subject playground equipment. Fitzpatrick testified that the manner in which the infant plaintiff was using the playground equipment at the time of the accident was acceptable, and that there were no warnings against using the equipment in that manner. The defendants also submitted, inter alia, a report and an affidavit from their expert, in which she opined that the playground equipment was in good condition and complied with all applicable standards. In an order dated March 29, 2018, the Supreme Court denied the defendants' motion. The defendants appeal.
"Schools are under a duty to adequately supervise the students in their charge and they will be held liable for foreseeable injuries proximately related to the absence of adequate supervision" (Mirand v City of New York, 84 NY2d 44, 49; see Troiani v White Plains City School Dist., 64 AD3d 701, 702; Ungaro v Patchogue-Medford, N.Y. School Dist., 19 AD3d 480, 481). Schools are not, however, insurers of their students' safety, for they cannot be reasonably expected [*2]to continuously supervise and control all of the students' movements and activities (see David v County of Suffolk, 1 NY3d 525, 526; Mirand v City of New York, 84 NY2d at 49; Troiani v White Plains City School Dist., 64 AD3d at 702; Ungaro v Patchogue-Medford, N.Y. School Dist., 19 AD3d at 481).
Here, the defendants established their prima facie entitlement to judgment as a matter of law. The defendants submitted evidence demonstrating, prima facie, that the level of supervision afforded to the infant plaintiff and the other students at the time of the accident was adequate (see Simonides v Eastchester Union Free Sch. Dist., 140 AD3d 728, 730; Troiani v White Plains City School Dist., 64 AD3d at 702; Navarra v Lynbrook Pub. Schools, Lynbrook Union Free School Dist., 289 AD2d 211), and, in any event, that any alleged lack of supervision was not the proximate cause of the infant plaintiff's injuries (see Troiani v White Plains City School Dist., 64 AD3d at 702; Botti v Seaford Harbor Elementary School Dist. 6, 24 AD3d 486; Weinblatt v Eastchester Union Free School Dist., 303 AD2d 581, 582). Furthermore, the defendants submitted a report and affidavit from their expert, which established that the playground equipment was appropriate for the infant plaintiff's age group, and was not defective (see Troiani v White Plains City School Dist., 64 AD3d at 702).
In opposition, the plaintiffs failed to raise a triable issue of fact. Although the plaintiffs submitted an affidavit from their purported expert, there was no showing that the purported expert had any specialized knowledge, experience, training, or education regarding playground equipment so as to qualify him to render an opinion in this area (see Von Ohlen v East Meadow Union Free Sch. Dist., 114 AD3d 668; Y.H. v Town of Ossining, 99 AD3d 760, 762).
The plaintiffs' remaining contentions are without merit.
Accordingly, the Supreme Court should have granted the defendants' motion for summary judgment dismissing the complaint.
AUSTIN, J.P., ROMAN, SGROI and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court