Boland v North Bellmore Union Free Sch. Dist. (2019 NY Slip Op 00849)





Boland v North Bellmore Union Free Sch. Dist.


2019 NY Slip Op 00849


Decided on February 6, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 6, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
CHERYL E. CHAMBERS
COLLEEN D. DUFFY
HECTOR D. LASALLE, JJ.


2016-03717 ON MOTION
 (Index No. 14505/13)

[*1]Brianna Boland, etc., respondent-appellant,
v
North Bellmore Union Free School District, appellant-respondent.


Congdon, Flaherty, O'Callaghan, Reid, Donlon, Travis & Fishlinger, Uniondale, NY (Kathleen D. Foley of counsel), for appellant-respondent.
Mahon, Mahon, Kerins & O'Brien, LLC, Garden City South, NY (Joseph A. Hyland of counsel), for respondent-appellant.



DECISION & ORDER
Motion by the plaintiff for leave to reargue an appeal and cross appeal from a judgment of the Supreme Court, Nassau County (Karen V. Murphy, J.), dated February 26, 2016, which was determined by decision and order of this Court dated August 8, 2018.
Upon the papers filed in support of the motion and the papers filed in opposition thereto, it is,
ORDERED that the motion for leave to reargue is granted, and upon reargument, the decision and order of this Court dated August 8, 2018 (see Boland v North Bellmore Union Free Sch. Dist., 164 AD3d 553), is recalled and vacated, and the following decision and order is substituted therefor:
In an action to recover damages for personal injuries, the defendant appeals and the plaintiff cross-appeals from an order of the Supreme Court, Nassau County (Karen V. Murphy, J.), dated February 26, 2016. The order, insofar as appealed from, denied that branch of the defendant's motion which was for summary judgment dismissing so much of the complaint as alleged negligent maintenance of its premises. The order, insofar as cross-appealed from, granted that branch of the defendant's motion which was for summary judgment dismissing so much of the complaint as alleged negligent training and supervision.
ORDERED that the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.
On February 8, 2012, the infant plaintiff (hereinafter the plaintiff) allegedly was injured when she fell from an apparatus in the defendant's school playground during recess. The plaintiff, by her mother as guardian, commenced this action against the defendant, alleging negligent training and supervision and negligent maintenance of the playground. After issue was joined, the defendant moved for summary judgment dismissing the complaint. The Supreme Court granted that branch of the defendant's motion which was for summary judgment dismissing so much of the [*2]complaint as alleged negligent training and supervision and denied that branch of the defendant's motion which was for summary judgment dismissing so much of the complaint as alleged negligent maintenance of its premises. The defendant appeals and the plaintiff cross-appeals.
Initially, we disagree with the Supreme Court's decision to not consider the evidence submitted by the defendant in its reply papers. "The function of reply papers is to address arguments made in opposition to the position taken by the movant, not to introduce new arguments or new grounds for the requested relief" (Castro v Durban, 161 AD3d 939, 941; see Matter of Allstate Ins. Co. v Dawkins, 52 AD3d 826, 827). The evidence submitted by the defendant in its reply papers addressed arguments made by the plaintiff and the plaintiff's expert in opposition to its motion. Thus, the court should have considered the evidence.
The defendant established its prima facie entitlement to judgment as a matter of law dismissing so much of the complaint as alleged negligent training and supervision by submitting evidence which demonstrated that the defendant provided adequate training of its staff and playground supervision, and that the level of training or supervision was not a proximate cause of the accident (see Cohen v Half Hollow Hills Cent. Sch. Dist., 123 AD3d 1081, 1082; Davidson v Sachem Cent. School Dist., 300 AD2d 276; Navarra v Lynbrook Pub. Schools, Lynbrook Union Free School Dist., 289 AD2d 211; Lopez v Freeport Union Free School Dist., 288 AD2d 355). In opposition, the plaintiff failed to raise a triable issue of fact. Accordingly, we agree with the Supreme Court's determination granting that branch of the defendant's motion which was for summary judgment dismissing so much of the complaint as alleged negligent training and supervision.
The defendant also established its prima facie entitlement to judgment as a matter of law dismissing so much of the complaint as alleged negligent maintenance of its premises by submitting evidence which demonstrated that it adequately maintained the playground, and that it did not create an unsafe or defective condition (see Davidson v Sachem Cent. School Dist., 300 AD2d 276). In opposition, however, the plaintiff raised a triable issue of fact by the submission of her expert's affidavit which opined, in part, that the ground cover beneath the apparatus from which the plaintiff fell was inherently dangerous as installed and/or maintained, because it did not meet standards established by the Consumer Product Safety Commission (see General Business Law § 399-dd). Accordingly, we agree with the Supreme Court's determination denying that branch of the defendant's motion which was for summary judgment dismissing so much of the complaint as alleged negligent maintenance of its premises.
BALKIN, J.P., CHAMBERS, DUFFY and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court