V.W. v Middle Country Cent. Sch. Dist. at Centereach (2019 NY Slip Op 06226)





V.W. v Middle Country Cent. Sch. Dist. at Centereach


2019 NY Slip Op 06226


Decided on August 21, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 21, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
JEFFREY A. COHEN
HECTOR D. LASALLE
FRANCESCA E. CONNOLLY, JJ.


2018-06869
 (Index No. 69999/14)

[*1]V.W., etc., appellant, 
v
Middle Country Central School District at Centereach, respondent.


Cannon & Acosta, LLP, Huntington Station, NY (June Redeker and Gary Small of counsel), for appellant.
Congdon, Flaherty, O'Callaghan, Reid, Donlon, Travis & Fishlinger, Uniondale, NY (Kathleen D. Foley of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Suffolk County (David T. Reilly, J.), entered May 4, 2018. The judgment, upon an order of the same court dated April 9, 2018, granting the defendant's motion for summary judgment dismissing the complaint, is in favor of the defendant and against the plaintiff dismissing the complaint.
ORDERED that the judgment is modified, on the law, by deleting the provision thereof, in effect, dismissing the cause of action alleging negligent maintenance of premises; as so modified, the judgment is affirmed, without costs and disbursements, that branch of the defendant's motion which was for summary judgment dismissing the cause of action alleging negligent maintenance of premises is denied, the order dated April 9, 2018, is modified accordingly, and that cause of action is reinstated.
The infant plaintiff allegedly was injured when she fell from monkey bars in the defendant's school playground during recess. The infant plaintiff, by her father, commenced this action against the defendant, alleging negligent supervision and negligent maintenance of its premises. The defendant moved for summary judgment dismissing the complaint. In an order dated April 9, 2018, the Supreme Court granted the motion. On May 4, 2018, a judgment was entered dismissing the complaint. The plaintiff appeals from the judgment.
The defendant established its prima facie entitlement to judgment as a matter of law dismissing the cause of action alleging negligent supervision by submitting evidence which demonstrated that it provided adequate playground supervision at the time of the plaintiff's accident. The defendant further established that, in any event, the accident occurred in such a manner that it could not reasonably have been prevented by closer monitoring, and thus the defendant's alleged negligent supervision was not a proximate cause of the accident (see Cohen v Half Hollow Hills Cent. Sch. Dist., 123 AD3d 1081, 1082; Troiani v White Plains City School Dist., 64 AD3d 701, 702; Davidson v Sachem Cent. School Dist., 300 AD2d 276; Navarra v Lynbrook Pub. Schools, Lynbrook Union Free School Dist., 289 AD2d 211; Lopez v Freeport Union Free School Dist., 288 AD2d 355). In opposition, the plaintiff failed to raise a triable issue of fact.
However, the defendant failed to establish its prima facie entitlement to judgment as a matter of law dismissing the cause of action alleging negligent maintenance of its premises. In support of its motion, the defendant submitted, inter alia, the affidavit of an expert witness who opined that the subject monkey bars, and the ground cover beneath them, complied with the guidelines promulgated by the Consumer Product Safety Commission and the standards issued by American Society for Testing and Materials. However, the expert also indicated that when she went to inspect the playground, the monkey bars at issue had been removed. No evidence was submitted about the height of the monkey bars on the date of the accident or what the surface condition was like at the time of the accident. Thus, the expert's affidavit was speculative, conclusory, and insufficient to establish, prima facie, that the defendant maintained its premises in a reasonably safe condition (see Landy v 6902 13th Ave. Realty Corp., 70 AD3d 649, 650-651). Since the defendant failed to meet its prima facie burden, we need not consider the sufficiency of the plaintiff's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
Accordingly, the Supreme Court should have denied that branch of the defendant's motion which was for summary judgment dismissing the cause of action alleging negligent maintenance of premises.
RIVERA, J.P., COHEN, LASALLE and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court