Gonzalez v South Huntington Union Free Sch. Dist. (2019 NY Slip Op 07385)





Gonzalez v South Huntington Union Free Sch. Dist.


2019 NY Slip Op 07385


Decided on October 16, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 16, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
LEONARD B. AUSTIN
JEFFREY A. COHEN
SYLVIA O. HINDS-RADIX, JJ.


2018-05085
 (Index No. 60874/14)

[*1]Kevin Gonzalez, etc., et al., appellants,
v
South Huntington Union Free School District, defendant, Town of Huntington, etc., et al., respondents.


Kujawski & Kujawski, Deer Park, NY (Jennifer A. Spellman of counsel), for appellants.
Milber Makris Plousadis & Seiden, LLP, Woodbury, NY (Stuart P. Besen of counsel), for respondent Town of Huntington.
Rosenbaum & Taylor, P.C., White Plains, NY (Dara L. Rosenbaum and Leslie Luke of counsel), for respondent United Skates of America, Inc.



DECISION & ORDER
In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Suffolk County (Paul J. Baisley, Jr., J.), dated April 13, 2018. The order, insofar as appealed from, granted those branches of the separate motions of the defendant Town of Huntington and the defendant United Skates of America, Inc., which were for summary judgment dismissing the complaint insofar as asserted against each of them.
ORDERED that the order is affirmed insofar as appealed from, with one bill of costs.
In the summer of 2013, the infant plaintiff attended a camp operated by the defendant Town of Huntington. On July 5, 2013, the camp went on a field trip to a roller skating rink operated by the defendant United Skates of America, Inc. (hereinafter United Skates). While roller skating, the infant plaintiff fell. The infant plaintiff, and his mother, suing derivatively, commenced this action against, among others, the Town and United Skates. The Town and United Skates separately moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against each of them. The Supreme Court granted those branches of the separate motions, and the plaintiffs appeal.
With respect to the Town, schools and camps have a duty to provide supervision to ensure the safety of those in their charge, and are liable for foreseeable injuries proximately caused by the absence of adequate supervision (see Mirand v City of New York, 84 NY2d 44, 49; Butera v Village of Bellport, 128 AD3d 995; DiGiacomo v Town of Babylon, 124 AD3d 828, 829; Ragusa v Town of Huntington, 54 AD3d 743). Here, the Town submitted evidence sufficient to demonstrate, prima facie, that it adequately supervised the infant plaintiff (see Mirand v City of New York, 84 NY2d at 49; David v City of New York, 40 AD3d 572, 573-574; Davidson v Sachem Cent. School Dist., 300 AD2d 276), and, in any event, that any alleged negligence on its part was not a proximate [*2]cause of the infant plaintiff's injuries (see Ponzini v Sag Harbor Union Free Sch. Dist., 166 AD3d 914, 916; Botti v Seaford Harbor Elementary School Dist. 6, 24 AD3d 486). Where, as here, "an accident occurs in so short a span of time that even the most intense supervision could not have prevented it, any lack of supervision is not the proximate cause of the injury and summary judgment in favor of the . . . defendant[ ] is warranted" (Convey v City of Rye School Dist., 271 AD2d 154, 160; see Harris v Five Point Mission—Camp Olmstedt, 73 AD3d 1127, 1128). In opposition, the plaintiffs failed to raise a triable issue of fact.
With respect to United Skates, in support of its motion, it submitted evidence sufficient to establish, prima facie, that the accident was not proximately caused by its allegedly negligent supervision (see Alvarez v Prospect Hosp., 68 NY2d 320, 324; Jackson v Out E. Family Fun, LLC, 79 AD3d 817, 818). In opposition, the plaintiffs failed to raise a triable issue of fact.
Accordingly, we agree with the Supreme Court's determination to grant those branches of the separate motions of the Town and United Skates which were for summary judgment dismissing the complaint insofar as asserted against each of them.
SCHEINKMAN, P.J., AUSTIN, COHEN and HINDS-RADIX, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court