■ LILLIAN R. BAKER, Respondent, v. EASTMAN KODAK COMPANY, Appellant.— Judgment unanimously reversed on the law and facts, without costs, and complaint dismissed. Memorandum: Defendant provides a roller skating rink for its employees and plaintiff had been a guest at the rink on three or four prior occasions. Plaintiff testified that on the night of the accident she was skating in a counter-clockwise direction when an unidentified skater passed her. She said that after he was 8 to 10 feet in front of her "all of a sudden he turned abruptly and come back abruptly opposite the flow and I put my hand out to stop him, but between the speed and abruptness on both sides, he caught my skate and I just went down". The attendant-supervisor who had been present most of the evening was out of the room when the accident occurred. The principal claim of negligence, plaintiff urges, is the failure of supervision by reason of the absence of the attendant. The vital question is whether the absence of the attendant, and, therefore, lack of supervision, is causally connected with the accident. The element of risk assumed by plaintiff did not relieve defendant from the obligation of using reasonable care to guard against a risk which might reasonably be anticipated. The sudden and abrupt action of the unknown skater, which happened in a matter of seconds, could not have been anticipated or avoided by the most intensive supervision. The situation is completely similar to the facts in *Diaz* v. *City of New York* (25 A D 2d 430, affd. 23 N Y 2d 748) where the court said, at pages 430–431, "There was no credible evidence of conduct at the slide which reasonable supervision would have corrected. In other words, there was no showing that lack of supervision was the proximate cause of the accident". The fact situation at bar is analogous to our recent decision in *Brady* v. *City of Buffalo* (34 A D 2d 878) and the same principles of law apply. (See, also, *Maurer* v. *Board of Educ.*, 294 N. Y. 672.) Defendant's motion at the close of all the proof to dismiss the complaint should have been granted. (*Blum* v. *Fresh Grown Preserve Corp.*, 292 N. Y. 241, 245.) (Appeal from judgment of Monroe Trial Term in negligence action.) Present — Goldman, P. J., Marsh, Moule and Bastow, JJ.