■ Rose V. Taynor et al., Respondents, v Skate Grove at Lake Grove, Inc., Appellant.—In an action to recover damages for personal injuries, etc., the defendant appeals from an order of the Supreme Court, Suffolk County (Gerard, J.), dated April 13, 1988, which granted the plaintiffs' motion to set aside a jury verdict in favor of the defendant and granted a new trial.

Ordered that the order is reversed, on the law, with costs, the jury verdict is reinstated, and the complaint is dismissed.

In this case, the plaintiffs failed to demonstrate that any dangerous activity existed for a sufficient length of time as to charge the defendant with notice of such activity. Where, as here, an accident on a skating rink occurred as a result of a "sudden and abrupt action" by unknown skaters which "could not have been * * * avoided by the most intense supervision", liability cannot be imposed on the owner *(Baker v Eastman Kodak Co.,* 34 AD2d 886, *affd* 28 NY2d 636). Under these circumstances, the jury's verdict was a fair interpretation of the evidence that should not have been disturbed by the court *(see, Nicastro v Park,* 113 AD2d 129).

We note that the statements of the defendant's president with respect to standard staffing practices at the rink were admissible and properly considered by the jury *(see, Halloran v Virginia Chems.,* 41 NY2d 386). Rubin, J. P., Kooper, Sullivan and Balletta, JJ., concur.