■ CARLA M. CEGLIA, by Her Parent and Natural Guardian, MICHAEL CEGLIA, et al., Respondents, v PORTLEDGE SCHOOL, Appellant.—In a negligence action to recover damages for personal injuries, etc., the defendant appeals from an order of the Supreme Court, Nassau County (Lockman, J.), dated August 21, 1990, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed.

The infant plaintiff was allegedly injured when she was tripped in a hallway by another student at the defendant Portledge School. She sought to recover damages from the school on the ground of negligent supervision. "It is well established that a school is not the insurer of the safety of the students and it is only under a duty to exercise the degree of reasonable care that a parent of ordinary prudence would have exercised under comparable circumstances (see, Ohman v Board of Educ., 300 NY 306). When an injury results from the act of an intervening third party which, under the circumstances, could hardly have been anticipated in the reasonable exercise of the school's legal duty to the child, there can be no liability on the part of the school" (Hauser v North Rockland Cent. School Dist. No. 1, 166 AD2d 553, 554; see also, Lawes v Board of Educ., 16 NY2d 302).

The school was entitled to summary judgment, because no triable issue of fact was presented as to the school's liability for this spontaneous and unanticipated act (see, e.g., Hauser v North Rockland Cent. School Dist. No. 1, supra; Rock v Central Sq. School Dist., 113 AD2d 1008; Swaitkowski v Board of Educ., 36 AD2d 685). Bracken, J. P., Lawrence, O'Brien and Santucci, JJ., concur.