■ GARY BROAD, by His Mother and Natural Guardian, GAIL BROAD, et al., Appellants, v PATICO CORPORATION, Doing Business as ALPHABETLAND, Respondent. [662 NYS2d 809] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Nassau County (Schmidt, J.), dated September 27, 1996, which granted the defendant's motion for summary judgment dismissing the complaint pursuant to CPLR 3212.

Ordered that the order is affirmed, with costs.

The infant plaintiff, Gary Broad, was sitting on the floor of a classroom in the defendant's nursery school when another child knocked a toy block from a bookshelf, causing the block to strike Gary in the face. He sought to recover damages from the school on the ground of negligent supervision. " 'It is well established that a school is not the insurer of the safety of the students and it is only under a duty to exercise the degree of reasonable care that a parent of ordinary prudence would have exercised under comparable circumstances (*see, Ohman v*

*Board of Educ.*, 300 NY 306). When an injury results from the act of an intervening third party which, under the circumstances, could hardly have been anticipated in the reasonable exercise of the school's legal duty to the child, there can be no liability on the part of the school' " (*Ceglia v Portledge School*, 187 AD2d 550, quoting *Hauser v North Rockland Cent. School Dist. No. 1*, 166 AD2d 553, 554).

The school was entitled to summary judgment because no triable issue of fact was presented as to the school's liability for this spontaneous and unanticipated act (*see, e.g., Hauser v North Rockland Cent. School Dist. No. 1, supra*). Miller, J. P., Ritter, Sullivan, Santucci and McGinity, JJ., concur.