Louis Teodoro et al., Respondents, v Longwood Central School District, Appellant. [881 NYS2d 468]—

In an action to recover damages for personal injuries, etc., the defendant appeals from an order of the Supreme Court, Suffolk County (Rebolini, J.), dated June 18, 2008, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint is granted.

The infant plaintiff was injured while learning to play golf in gym class. Early in the class, the students were instructed not to step forward to take their turn until the student who was taking a swing was finished and had put his club down. The injury occurred when the infant plaintiff stepped forward after the student in front of him had taken a swing, but before that

student had put the club down. At that moment, the other student suddenly swung the club backward a second time and the plaintiff was struck in the face with it.

"Schools are under a duty to adequately supervise the students in their charge and they will be held liable for foreseeable injuries proximately related to the absence of adequate supervision" (*Mirand v City of New York*, 84 NY2d 44, 49 [1994] [citations omitted]). The defendant established its prima facie entitlement to judgment as a matter of law by presenting evidence that there was adequate supervision in the school's gymnasium, and the plaintiffs failed to raise a triable issue of fact in response (*see Navarra v Lynbrook Pub. Schools, Lynbrook Union Free School Dist.*, 289 AD2d 211 [2001]; *Janukajtis v Fallon*, 284 AD2d 428 [2001]).

Accordingly, the defendant's motion for summary judgment dismissing the complaint should have been granted. Mastro, J.P., Skelos, Dickerson and Lott, JJ., concur.