■ THERESA JACKSON, Appellant, v OUT EAST FAMILY FUN, LLC, Respondent, et al., Defendants. [913 NYS2d 712]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Suffolk County (Rebolini, J.), dated March 9, 2009, as granted that branch of the motion of the defendant Out East Family Fun, LLC, which was for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is affirmed insofar as appealed from, with costs.

On the afternoon of August 26, 2002, the plaintiff attended a children's birthday party held at a family entertainment center in Riverhead which operated a miniature golf course. In the course of supervising her two infant sons, who were guests at the party, the plaintiff allegedly was struck in the face by a golf club which had been swung by one of the other children invited to the party. The defendant Out East Family Fun, LLC (hereinafter the defendant), owned the family entertainment center where the subject accident occurred.

Contrary to the plaintiff's contention, the defendant's motion for summary judgment was timely made within 120 days of the filing of the note of issue (see CPLR 3212 [a]).

In support of its motion, the defendant made a prima facie showing of entitlement to judgment as a matter of law by demonstrating that the accident was not proximately caused by its allegedly negligent supervision (see Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]). Where, as here, the accident occurred as a result of a "sudden and abrupt action" and "could not have been . . . avoided by the most intense supervision," liability cannot be imposed on the owner (Taynor v Skate Grove at Lake Grove, 150 AD2d 362 [1989] [internal quotation marks omitted]; see Gaspard v Board of Educ. of City of N.Y., 47 AD3d 758, 759 [2008]; Baker v Eastman Kodak Co., 34 AD2d 886 [1970], affd 28 NY2d 636 [1971]). In opposition to the defendant's prima facie showing, the plaintiff failed to raise a triable issue of fact. In light of our determination, we need not reach the parties' remaining contentions.

Accordingly, the Supreme Court properly granted that branch of the defendant's motion which was for summary judgment dismissing the complaint insofar as asserted against it. Fisher, J.P., Florio, Leventhal and Hall, JJ., concur.