■ BRANDON SCHLEEF et al., Respondents, v RIVERHEAD CENTRAL SCHOOL DISTRICT et al., Appellants. [915 NYS2d 506]—

In an action to recover damages for personal injuries, etc., the defendants appeal from an order of the Supreme Court, Suffolk County (Sweeney, J.), dated March 18, 2010, which denied their motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, and the defendants' motion for summary judgment dismissing the complaint is granted.

On October 24, 2006, the infant plaintiff, a first-grade student at the defendant Riley Avenue Primary School in the defendant Riverhead Central School District, was sharpening a pencil with a manual sharpener that was mounted on the classroom wall. When the pencil became stuck in the sharpener, the infant plaintiff pulled it out with both hands and it struck him in the right eye, allegedly causing injury.

The defendants established, prima facie, that they properly supervised the infant plaintiff and that, in any event, their alleged lack of adequate supervision was not a proximate cause of the accident (*see Paragas v Comsewogue Union Free School* [*Dist.*], 65 AD3d 1111 [2009]; *Navarra v Lynbrook Pub. Schools, Lynbrook Union Free School Dist.*, 289 AD2d 211 [2001]). The incident occurred in such a short span of time that it could not have been prevented with the most intense supervision (*see Miller v Kings Park Cent. School Dist.*, 54 AD3d 314 [2008]; *Ronan v School Dist. of City of New Rochelle*, 35 AD3d 429 [2006]; *Mayer v Mahopac Cent. School Dist.*, 29 AD3d 653, 654 [2006]; *Reardon v Carle Place Union Free School Dist.*, 27 AD3d 635 [2006]; *Broad v Patico Corp.*, 243 AD2d 434 [1997]; *Ceglia v Portledge School*, 187 AD2d 550 [1992]). The defendants also established, prima facie, that as landowners, they satisfied their duty to maintain the premises in a reasonably safe condition (*see Basso v Miller*, 40 NY2d 233 [1976]). In opposition, the plaintiffs failed to raise a triable issue of fact.

Accordingly, the Supreme Court should have granted the de-

fendants' motion for summary judgment dismissing the complaint. Dillon, J.P., Balkin, Belen and Austin, JJ., concur.