■ BARRY JOHN O'BRIEN, III, et al., Respondents, v SAYVILLE UNION FREE SCHOOL DISTRICT, Appellant. [928 NYS2d 85]—

On January 24, 2008, the infant plaintiff allegedly was waiting his turn to use a bathroom in his kindergarten classroom when he placed his hand inside the hinged side of the bathroom door. A fellow student entered the bathroom and closed the door on the infant plaintiff's finger. The infant plaintiff's teacher

testified at an examination before trial that the incident occurred during "rest time," when the approximately 22 students were resting their heads on their tables. The teacher then permitted one table at a time, each with approximately four students, to leave the table and stand in line for the bathroom. The teacher further testified that the kindergartners had been instructed at the beginning of the school year to stay on a carpet placed a sufficient distance from the bathroom door while waiting their turn and that she would generally give individual instruction to any student failing to comply with the rule. Here, there was no proof that the infant plaintiff had previously violated the rule or that he was in need of supervision to assure his compliance with classroom rules. The teacher testified that, at the time of the incident, she was at her desk on the other side of the room from the bathroom, watching the students resting at their tables and not watching the students lining up at the bathroom. She did not observe the incident and first knew something was wrong when the infant plaintiff screamed and came over to her.

The plaintiffs commenced this action against the defendant, Sayville Union Free School District (hereinafter the district), alleging causes of action to recover damages for negligent supervision and, in effect, premises liability. After discovery, the district moved for summary judgment dismissing the complaint, and the Supreme Court denied the motion. We reverse.

While a school district is not an insurer of the safety of its students, since it cannot reasonably be expected to continuously supervise and control all of their movements and activities, it has a duty to adequately supervise the students in its charge and will be held liable for foreseeable injuries proximately related to the absence of adequate supervision (*see Mirand v City of New York*, 84 NY2d 44, 49 [1994]; *Rivera v Board of Educ. of City of Yonkers*, 19 AD3d 394, 395 [2005]). Here, on the record presented, the district established its prima facie entitlement to judgment as a matter of law with respect to the cause of action alleging negligent supervision by eliminating all triable issues of fact (*see David v County of Suffolk*, 1 NY3d 525 [2003]; *Schleef v Riverhead Cent. School Dist.*, 80 AD3d 743 [2011]; *Teodoro v Longwood Cent. School Dist.*, 63 AD3d 912 [2009]; *Paca v City of New York*, 51 AD3d 991 [2008]; *see generally Mirand v City of New York*, 84 NY2d at 49). In opposition, the plaintiffs failed to raise a triable issue of fact.

Moreover, the Supreme Court erred in denying that branch of the district's motion which was for summary judgment dismissing the cause of action alleging, in effect, premises liability

based upon a dangerous condition. The plaintiffs alleged that certain defects in the bathroom door rendered it inherently dangerous. The district established, prima facie, that the bathroom door was not inherently dangerous (*cf. Bloomfield v Jericho Union Free School Dist.*, 80 AD3d 637, 639 [2011]; *see generally Cupo v Karfunkel*, 1 AD3d 48, 51-52 [2003]). In opposition, the plaintiffs failed to raise a triable issue of fact.

Accordingly, the Supreme Court should have granted the defendant's motion for summary judgment dismissing the complaint. Skelos, J.P., Belen, Hall and Roman, JJ., concur.