■ DENISE GYARBIN, Appellant, v CONCORD LIMOUSINE, INC., Defendant, and YANG CHUN, Respondent. [32 NYS3d 197]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Butler, J.), entered January 28, 2014, which granted the motion of the defendant Yang Chun for summary judgment dismissing the complaint insofar as asserted against him.

Ordered that the order is affirmed, with costs.

The plaintiff commenced this action alleging that she

sustained injuries as a result of a motor vehicle collision that occurred while she was a passenger in a vehicle operated by the defendant Yang Chun (hereinafter the defendant). In her bill of particulars, the plaintiff alleged that the defendant was negligent "in failing to leave adequate space between the vehicle [in which] the plaintiff was a passenger and an adverse vehicle so as to be able to stop without contacting an adverse vehicle."

The defendant moved for summary judgment dismissing the complaint insofar as asserted against him. In support, he submitted the deposition testimony of both the plaintiff and himself. Both parties testified that, although the defendant had to apply his brakes suddenly at one point, there was never a collision with another vehicle. In opposition to the motion, the plaintiff alleged that she was injured as a result of the abrupt stop. The Supreme Court granted the motion. We affirm.

The defendant made a prima facie showing of entitlement to judgment as a matter of law by submitting the deposition testimony of the plaintiff and himself, both of which demonstrated that no motor vehicle collision occurred. In opposition to the motion, the plaintiff alleged for the first time that it was the defendant's abrupt stop that caused her injuries. The Supreme Court appropriately refused to consider this new allegation of negligence (*see Dolan v Halpern*, 73 AD3d 1117, 1119 [2010]; *Winters v St. Vincent's Med. Ctr. of Richmond*, 273 AD2d 465, 465 [2000]; *see also Sacino v Warwick Val. Cent. Sch. Dist.*, 138 AD3d 717 [2d Dept 2016]; *Balashanskaya v Polymed Community Care Ctr., P.C.*, 122 AD3d 558, 559 [2014]; *Begley v City of New York*, 111 AD3d 5, 35 [2013]). Since the plaintiff otherwise failed to raise a triable issue of fact, the Supreme Court properly granted the motion. Leventhal, J.P., Dickerson, Cohen and Hinds-Radix, JJ., concur.