■ BRIANNA SIMONIDES, an Infant, by Her Father and Natural Guardian, KENNETH SIMONIDES, et al., Appellants, v EASTCHESTER UNION FREE SCHOOL DISTRICT, Respondent. [31 NYS3d 210]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from (1) an order of the Supreme Court, Westchester County (Giacomo, J.), dated April 29, 2015, which granted the defendant's motion for summary judgment dismissing the complaint, and (2) a judgment of the same court entered August 27, 2015, which, upon the order, is in favor of the defendant dismissing the complaint.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that one bill of costs is awarded to the defendant.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

The infant plaintiff, then a seven-year-old first grade student at a school operated by the defendant, was injured during recess when she hurried onto a playground slide on her knees in order to avoid being tagged by a friend with whom she was playing, and then fell off the slide while trying to straighten out her legs as she descended. The infant plaintiff repeatedly had been instructed regarding the rules of conduct on the playground and with respect to the proper use of the slide, including the instruction that riders were only allowed to go down the slide on their bottoms. Additionally, the infant plaintiff had previously been observed using the slide improperly and had been removed from the equipment and made to sit by the playground gate with other students who failed to follow the playground rules.

"Schools are under a duty to adequately supervise the students in their charge and they will be held liable for foreseeable injuries proximately related to the absence of adequate supervision. Schools are not insurers of safety, however, for they cannot reasonably be expected to continuously supervise and control all movements and activities of students" (*Mirand v City of New York*, 84 NY2d 44, 49 [1994] [citations omitted]; *see Begley v City of New York*, 111 AD3d 5, 31 [2013]; *Diaz v City of Yonkers*, 103 AD3d 682, 683 [2013]). Thus, " 'perfection in supervision' is not required" of a school (*Armellino v Thomase*, 72 AD3d 849, 849 [2010], quoting *Lawes v Board of Educ. of City of N.Y.*, 16 NY2d 302, 304 [1965]).

Here, contrary to the plaintiffs' contention, the Supreme Court properly granted the defendant's motion for summary judgment dismissing the complaint. The defendant established its prima facie entitlement to judgment as a matter of law by demonstrating that the level of supervision afforded to the infant plaintiff and the other students, which consisted of two school monitors for a group of 40 to 42 children, was adequate (*see Charles v City of Yonkers*, 103 AD3d 765 [2013]; *Calcagno v John F. Kennedy Intermediate School*, 61 AD3d 911 [2009]; *Navarra v Lynbrook Pub. Schools, Lynbrook Union Free School Dist.*, 289 AD2d 211 [2001]). The plaintiffs' contention that the infant plaintiff should have received individualized supervision, or should have been barred from the slide or from the playground altogether, is unpersuasive under the circumstances of this case. In any event, the evidence demonstrates that the infant plaintiff's accident occurred in such a manner that it could not reasonably have been prevented by more intense supervision, thereby negating any alleged lack of supervision as the proximate cause of her injuries (*see Gomez v Our Lady of Fatima Church*, 117 AD3d 987 [2014]; *Gilman v Oceanside Union Free Sch. Dist.*, 106 AD3d 952 [2013]; *Benavides v Uniondale Union Free School Dist.*, 95 AD3d 809 [2012]; *Troiani v White Plains City School Dist.*, 64 AD3d 701 [2009]; *Conte v Minnesauke Elementary School*, 56 AD3d 511 [2008]).

The plaintiffs' remaining contentions are improperly raised for the first time on appeal or are without merit. Mastro, J.P., Maltese, Duffy and Brathwaite Nelson, JJ., concur.