L.R. v City of New York (2018 NY Slip Op 00132)





L.R. v City of New York


2018 NY Slip Op 00132


Decided on January 10, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 10, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

L. PRISCILLA HALL, J.P.
JEFFREY A. COHEN
BETSY BARROS
LINDA CHRISTOPHER, JJ.


2016-11257
 (Index No. 503536/14)

[*1]L.R., etc., et al., respondents, 
v
City of New York, et al., appellants.


Zachary W. Carter, Corporation Counsel, New York, NY (Fay Ng and John Moore of counsel), for appellants.
Decolator, Cohen & DiPrisco, LLP, Garden City, NY (Joseph L. Decolator of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal damages, etc., the defendants appeal from an order of the Supreme Court, Kings County (Genovesi, J.), dated September 9, 2016, which denied their motion for summary judgment dismissing the complaint.
ORDERED that the order is reversed, on the law, with costs, and the defendants' motion for summary judgment dismissing the complaint is granted.
On May 6, 2013, the then four-year-old infant plaintiff sustained injuries in her pre-kindergarten classroom when she tripped on the foot of a chair as she was carrying her food tray to a trash bin. As a result, the infant plaintiff, and her mother suing derivatively, commenced this action to recover damages for personal injuries against the City of New York, the New York City Board of Education, and the New York City Department of Education. The Supreme Court denied the defendants' motion for summary judgment dismissing the complaint, and the defendants appeal.
"Schools are under a duty to adequately supervise the students in their charge and they will be held liable for foreseeable injuries proximately related to the absence of adequate supervision" (Mirand v City of New York, 84 NY2d 44, 49; see Santos v City of New York, 138 AD3d 968). "Schools are not insurers of safety, however, for they cannot reasonably be expected to continuously supervise and control all movements and activities of students" (Mirand v City of New York, 84 NY2d at 49; see Nash v Port Wash. Union Free School Dist., 83 AD3d 136, 146).
Here, the defendants made a prima facie showing of entitlement to judgment as a matter of law by establishing that the level of supervision afforded to the infant plaintiff was adequate (see Simonides v Eastchester Union Free Sch. Dist., 140 AD3d 728, 730; O'Brien v Sayville Union Free School Dist., 87 AD3d 569; Paragas v Comsewogue Union Free School Dist., 65 AD3d 1111, 1111-1112). Contrary to the plaintiffs' contention, at the time of the accident, the infant plaintiff was in the midst of executing an age-appropriate task which she and her classmates had performed every single school day since the start of the 2012/2013 academic year (see Paragas [*2]v Comsewogue Union Free School Dist., 65 AD3d at 1111-1112). Additionally, the mother's affidavit, which contradicted her own 50-h hearing testimony and the infant plaintiff's deposition testimony, was insufficient to raise a triable issue of fact (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
Accordingly, the Supreme Court should have granted the defendants' motion for summary judgment dismissing the complaint.
HALL, J.P., COHEN, BARROS and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court