J.F. v Brentwood Union Free Sch. Dist. (2020 NY Slip Op 03500)





J.F. v Brentwood Union Free Sch. Dist.


2020 NY Slip Op 03500


Decided on June 24, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 24, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
CHERYL E. CHAMBERS
COLLEEN D. DUFFY
BETSY BARROS, JJ.


2019-02049
 (Index No. 3439/13)

[*1]J.F., etc., appellant, 
v
Brentwood Union Free School District, respondent.


Sanders, Sanders, Block, Woycik, Viener & Grossman, P.C., Mineola, NY (Mark R. Bernstein of counsel), for appellant.
Congdon, Flaherty, O'Callaghan, Reid, Donlon, Travis & Fishlinger, Uniondale, NY (Kathleen D. Foley of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injures, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Paul J. Baisley, Jr., J.), dated December 20, 2018. The order, insofar as appealed from, granted that branch of the defendant's motion which was for summary judgment dismissing the cause of action alleging negligent supervision.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In November 2011, the plaintiff, then a kindergarten student at a school operated by the defendant, allegedly sustained injuries when he fell from a playground slide. According to the plaintiff, another child pushed him from behind as he was starting to go down the slide, causing him to fall off the side of the slide.
The plaintiff filed a notice of claim and a complaint, alleging, inter alia, negligent supervision. Following discovery, the defendant moved for summary judgment dismissing the complaint. The plaintiff offered no evidence in opposition, but argued only that the defendant had failed to establish its prima facie entitlement to judgment as a matter of law. Insofar as relevant to this appeal, the Supreme Court granted that branch of the motion which was to dismiss the cause of action alleging negligent supervision, and the plaintiff appeals.
" Schools are under a duty to adequately supervise the students in their charge and they will be held liable for foreseeable injuries proximately related to the absence of adequate supervision. Schools are not insurers of safety, however, for they cannot reasonably be expected to continuously supervise and control all movements and activities of students'" (Simonides v Eastchester Union Free Sch. Dist., 140 AD3d 728, 729, quoting Mirand v City of New York, 84 NY2d 44, 49).
Here, the defendant established, prima facie, that the level of supervision afforded to the plaintiff and the other students was adequate (see Simonides v Eastchester Union Free Sch. Dist., 140 AD3d 728; Navarra v Lynbrook Pub. Schools, Lynbrook Union Free School Dist., 289 AD2d 211; Janukajtis v Fallon, 284 AD2d 428) and that the accident, as described by the plaintiff, [*2]occurred in such a manner that it could not reasonably have been prevented by more intense supervision (see Simonides v Eastchester Union Free Sch. Dist., 140 AD3d at 730). In opposition, the plaintiff failed to raise a triable issue of fact, and argued, for the first time, that the defendant was negligent in failing to bar the plaintiff from using the playground equipment. We agree with the Supreme Court's determination declining to consider this new theory of liability raised for the first time in opposition to the motion (see Gyarbin v Concord Limousine, Inc., 139 AD3d 672, 673; Dolan v Halpern, 73 AD3d 1117, 1119).
Accordingly, the Supreme Court's order must be affirmed insofar as appealed from.
RIVERA, J.P., CHAMBERS, DUFFY and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court