Carpaneto v Middle Bay Golf Club (2020 NY Slip Op 03497)





Carpaneto v Middle Bay Golf Club


2020 NY Slip Op 03497


Decided on June 24, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 24, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
LEONARD B. AUSTIN
SYLVIA O. HINDS-RADIX
HECTOR D. LASALLE, JJ.


2019-06660
 (Index No. 609778/17)

[*1]Stephen Carpaneto, Jr., etc., appellant,
v
Middle Bay Golf Club, respondent.


Cascone & Kluepfel, LLP, Garden City, NY (Beth Rogoff-Gribbins of counsel), for appellant.
O'Connor, O'Connor, Hintz, & Deveney, LLP, Melville, NY (Dawn C. Faillace-Dillon of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Nassau County (Denise L. Sher, J.), entered April 30, 2019. The judgment, upon an order of the same court dated March 25, 2019, granting the defendant's motion for summary judgment dismissing the complaint and denying the plaintiff's cross motion, inter alia, for summary judgment on the issue of liability, is in favor of the defendant and against the plaintiff dismissing the complaint.
ORDERED that the judgment is affirmed, with costs.
On June 17, 2017, the plaintiff, who was seven years old, participated in the defendant's "Junior Golf Day," which was an approximately one-hour long clinic introducing the game of golf to children. According to the plaintiff's father's deposition testimony, the plaintiff was part of a group of approximately 12 to 15 children which assembled at the chipping station, where each child received a golf wedge. There were two golf instructors assigned to the chipping station, one of whom oversaw the children hitting the ball, while the second was positioned approximately 30 yards away. After each child practiced chipping the ball a few times, the group began to relocate away from the green. At this time, the plaintiff's father observed the plaintiff running behind another boy, when the other boy suddenly stopped, turned his body 90 degrees, and swung his golf club, accidentally striking the plaintiff in the face.
The plaintiff, by his father, commenced this action to recover damages for personal injuries, alleging negligent supervision. The defendant moved for summary judgment dismissing the complaint. The plaintiff thereafter cross-moved, inter alia, for summary judgment on the issue of liability. The Supreme Court granted the defendant's motion and denied the plaintiff's cross motion. The plaintiff appeals.
An entity to whom the custody of a child is entrusted has a duty to adequately supervise children in its charge and may be held liable for foreseeable injuries proximately related to the absence of adequate supervision (see generally Mirand v City of New York, 84 NY2d 44; Atehortua v Lewin, 90 AD3d 794, 795). Here, the defendant submitted evidence sufficient to demonstrate, prima facie, that it adequately supervised the plaintiff at the chipping station (see Harris v Five Point Mission-Camp Olmstedt, 73 AD3d 1127, 1128; Teodoro v Longwood Cent. School Dist., 63 AD3d 912, 913), and that, regardless, any alleged negligence on its part was not a [*2]proximate cause of the plaintiff's injuries (see Gonzalez v South Huntington Union Free Sch. Dist., 176 AD3d 920; Jackson v Out E. Family Fun, LLC, 79 AD3d 817, 818). Where, as here, the accident occurred abruptly, and "in so short a span of time that even the most intense supervision could not have prevented it, any lack of supervision is not the proximate cause of the injury and summary judgment in favor of the . . . [defendant] is warranted" (Convey v City of Rye School Dist., 271 AD2d 154, 160; see Jackson v Out E. Family Fun, LLC, 79 AD3d at 818).
In opposition to the defendant's motion and in support of his cross motion, the plaintiff relied on conclusory assertions that the defendant was negligent because it should have only supplied a golf club to a child when he or she was working individually with a golf instructor. However, the plaintiff failed to supply any evidence that this recommendation has been implemented by, or that it is a generally accepted practice among, other golf venues hosting events introducing the game of golf to children (see Gibbons v Pine Bush Cent. Sch. Dist., 97 AD3d 724, 725; Harris v Five Point Mission-Camp Olmstedt, 73 AD3d at 1129). Consequently, this unsupported assertion failed to raise a triable issue of fact, and did not establish the plaintiff's prima facie entitlement to judgment as a matter of law on the issue of liability.
Furthermore, the record belies the plaintiff's contention that the defendant conceded that the accident was foreseeable, as there was no evidence that the defendant had "specific knowledge or notice of a particular danger at a particular time" whereupon it could have anticipated the injury-causing act (Morning v Riverhead Cent. School Dist., 27 AD3d 435, 436; see Lawes v Board of Educ. of City of N.Y., 16 NY2d 302, 305-306).
The plaintiff's remaining contention is without merit.
Accordingly, we agree with the Supreme Court's determination granting the defendant's motion for summary judgment dismissing the complaint, and denying the plaintiff's cross motion, inter alia, for summary judgment on the issue of liability.
SCHEINKMAN, P.J., AUSTIN, HINDS-RADIX and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court