Wilder v City of Long Beach (2023 NY Slip Op 01703)

Wilder v City of Long Beach

2023 NY Slip Op 01703

Decided on March 29, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 29, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JOSEPH A. ZAYAS
DEBORAH A. DOWLING
LILLIAN WAN, JJ.

2020-02562
 (Index No. 609330/17)

[*1]Racquel Wilder, etc., appellant, 
v
City of Long Beach, defendant, Long Beach Public Schools, et al., respondents.

Schrier Shayne Koenig Samberg & Ryne, P.C., Garden City, NY (Richard E. Schrier and Thomas Moore of counsel), for appellant.
Congdon, Flaherty, O'Callaghan, Reid, Donlon, Travis & Fishlinger, Uniondale, NY (Christine Gasser of counsel), for respondents.

DECISION & ORDER
In an action, inter alia, to recover damages for personal injuries, etc., the plaintiff appeals from a judgment of the Supreme Court, Nassau County (Jeffrey S. Brown, J.), dated January 28, 2020. The judgment, insofar as appealed from, upon an order of the same court dated January 7, 2020, granting that branch of the motion of the defendants Long Beach Public Schools, Mandy Kovel, and Cabrina Tasevoli which was for summary judgment dismissing the cause of action alleging negligent supervision insofar as asserted against them, is in favor of the defendants Long Beach Public Schools, Mandy Kovel, and Cabrina Tasevoli and against the plaintiff dismissing the cause of action alleging negligent supervision insofar as asserted against them.
ORDERED that the judgment is affirmed insofar as appealed from, with costs.
In December 2016, the plaintiff's son (hereinafter the child), while a first-grade student at a school operated by the defendant Long Beach City School District (hereinafter the district), incorrectly sued herein as Long Beach Public Schools, allegedly swallowed a bracelet while he was in his first-grade classroom. At the time of the incident, the child's first-grade teacher was the defendant Mandy Kovel, and Kovel's teaching assistant was the defendant Cabrina Tasevoli. An X-ray taken shortly after the incident revealed a foreign object in the child's stomach. In February 2017, the child underwent surgery to have the foreign object removed from his intestines.
After filing a notice of claim, the plaintiff, individually and on behalf of the child, commenced this action against the district, Kovel, Tasevoli (hereinafter collectively the district defendants), and another defendant. The plaintiff alleged, inter alia, that the district defendants were negligent in supervising the child. Following discovery, the district defendants moved, among other things, for summary judgment dismissing the cause of action alleging negligent supervision insofar as asserted against them. The Supreme Court, inter alia, granted that branch of the motion, and a judgment was entered dismissing that cause of action insofar as asserted against the district defendants. The plaintiff appeals.
"Schools are under a duty to adequately supervise the students in their charge and they [*2]will be held liable for foreseeable injuries proximately related to the absence of adequate supervision" (Mirand v City of New York, 84 NY2d 44, 49). "Where an accident occurs in so short a span of time that even the most intense supervision could not have prevented it, any lack of supervision is not the proximate cause of the injury and summary judgment in favor of the . . . defendants is warranted" (Convey v City of Rye School Dist., 271 AD2d 154, 160).
Here, in support of that branch of their motion which was for summary judgment dismissing the cause of action alleging negligent supervision insofar as asserted against them, the district defendants submitted, among other things, transcripts of the deposition testimony of the child, the plaintiff, Kovel, and Tasevoli, and the testimony of the plaintiff and the child at a hearing pursuant to General Municipal Law § 50-h. Both Kovel and Tasevoli testified that there were approximately 22 students in the child's class, and that there were times when only Kovel or Tasevoli were in the classroom supervising the students. The child testified that at the time he allegedly swallowed the bracelet, only Tasevoli was in the classroom, and was supervising students at the rear of the classroom, while the child was sitting at his desk at the front of the classroom. Although Kovel testified that the child had previously stolen things like pencils from other students, hit other students, and disrupted the class, neither Kovel nor Tasevoli testified that the child had previously swallowed a non-food object. In fact, the child and the plaintiff testified that, prior to the incident, the child had never swallowed a non-food object. Viewing the evidence in the light most favorable to the plaintiff as the nonmoving party, the district defendants established, prima facie, that they adequately supervised the child (see Simonides v Eastchester Union Free Sch. Dist., 140 AD3d 728, 730; O'Brien v Sayville Union Free School Dist., 87 AD3d 569; Paragas v Comsewogue Union Free School Dist., 65 AD3d 1111).
In any event, the district defendants established, prima facie, that their alleged lack of adequate supervision was not a proximate cause of the incident because the incident occurred in such a short span of time that it could not have been prevented with the most intense supervision (see Simonides v Eastchester Union Free Sch. Dist., 140 AD3d at 730; Schleef v Riverhead Cent. School Dist., 80 AD3d 743, 743). In particular, the child testified that while he was sitting at his desk at the front of the classroom, another student in the class approached him, showed him a bracelet, and said that the child could not swallow the bracelet. Within seconds after this exchange, the child put the bracelet into his mouth and swallowed it, and the bracelet went down his throat immediately. The child also testified that after he swallowed the bracelet, he did not inform Kovel or Tasevoli about what had allegedly happened (see Simonides v Eastchester Union Free Sch. Dist., 140 AD3d at 730; Schleef v Riverhead Cent. School Dist., 80 AD3d 743, 743).
In opposition, the plaintiff failed to raise a triable issue of fact. The plaintiff's contention that the district defendants failed to minimize the child's injuries was improperly raised for the first time in opposition to the district defendants' motion (see Odekirk v Bellmore-Merrick Cent. School Dist., 70 AD3d 910, 911).
Accordingly, the Supreme Court properly granted that branch of the district defendants' motion which was for summary judgment dismissing the cause of action alleging negligent supervision insofar as asserted against them.
DILLON, J.P., ZAYAS, DOWLING and WAN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court