M.V. v Applied Behavioral Mental Health Counseling, P.C. (2023 NY Slip Op 04448)

M.V. v Applied Behavioral Mental Health Counseling, P.C.

2023 NY Slip Op 04448

Decided on August 30, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 30, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
VALERIE BRATHWAITE NELSON
ROBERT J. MILLER
LILLIAN WAN, JJ.

2020-06887
 (Index No. 508099/17)

[*1]M.., etc., et al., plaintiffs, 
v
Applied Behavioral Mental Health Counseling, P.C., et al., appellants, et al., defendants.

Rutherford Christie, LLP, New York, NY (David S. Rutherford and Gabriella C. DiSilvio of counsel), for appellants.

DECISION & ORDER
In an action to recover damages for personal injuries, etc., the defendants Applied Behavioral Mental Health Counseling, P.C., and Shalom Drihem appeal from an order of the Supreme Court, Kings County (Robin K. Sheares, J.), dated July 22, 2020. The order, insofar as appealed from, denied those defendants' motion for summary judgment dismissing the complaint insofar as asserted against them.
ORDERED that the order is affirmed insofar as appealed from, without costs or disbursements.
The plaintiff M.V. (hereinafter the infant plaintiff), by his mother, and his mother suing derivatively, commenced this action against, among others, the defendants Applied Behavioral Mental Health Counseling, P.C. (hereinafter Applied), and Shalom Drihem (hereinafter together the defendants), inter alia, to recover damages for personal injuries allegedly sustained by the infant plaintiff. The plaintiffs alleged that in January 2017, after attending a social group for children with special needs, the infant plaintiff, who is autistic, was struck by a vehicle while in the custody of Applied. Drihem was employed by Applied to transport the infant plaintiff and others to and from the social group. Drihem testified at his deposition that on the day of the accident, he was holding the infant plaintiff's hand on the sidewalk when the infant plaintiff let go of Drihem's hand, ran into the street, and was struck by a vehicle. The complaint asserted a cause of action alleging negligent supervision against the defendants.
The defendants moved for summary judgment dismissing the complaint insofar as asserted against them, contending that their supervision of the infant plaintiff was adequate and [*2]proper, and that any alleged inadequacy in supervision was not a proximate cause of the infant plaintiff's injuries because the accident occurred in such a short period of time that even the most intense supervision could not have prevented it. The plaintiffs did not oppose the motion. The Supreme Court denied the motion, and the defendants appeal.
"An entity to whom the custody of a child is entrusted has a duty to adequately supervise children in its charge and may be held liable for foreseeable injuries proximately related to the absence of adequate supervision" (Carpaneto v Middle Bay Golf Club, 184 AD3d 799, 800; see generally Mirand v City of New York, 84 NY2d 44, 49-50).
Here, the defendants failed to demonstrate, prima facie, that they provided adequate supervision, or that a lack of adequate supervision was not a proximate cause of the infant plaintiff's injuries. The infant plaintiff's mother testified at her deposition that she previously informed the defendants that the infant plaintiff required one-on-one supervision at all times when outdoors because he was a "runner," and that his hand needed to be held near a roadway. The evidence submitted did not establish that the defendants had adequately supervised the infant plaintiff in the moments before the accident, or that a lack of adequate supervision was not a proximate cause of the infant plaintiff's injuries. Accordingly, the Supreme Court properly denied the defendants' motion for summary judgment dismissing the complaint insofar as asserted against them (see B.T. v Bethpage Union Free Sch. Dist., 173 AD3d 806, 808; M.P. v Mineola Union Free Sch. Dist., 166 AD3d 953, 955).
The defendants' remaining contentions are without merit.
BARROS, J.P., BRATHWAITE NELSON, MILLER and WAN, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court