D.M. v Yonkers City Sch. Dist. (2023 NY Slip Op 04977)

D.M. v Yonkers City Sch. Dist.

2023 NY Slip Op 04977

Decided on October 4, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 4, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
LINDA CHRISTOPHER
BARRY E. WARHIT
LILLIAN WAN, JJ.

2021-07492
 (Index No. 69599/19)

[*1]D.M., etc., et al., appellants, 
v
Yonkers City School District, et al., respondents.

Grey & Grey, LLP, Farmingdale, NY (Sherman B. Kerner of counsel), for appellants.

DECISION & ORDER
In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Westchester County (Terry Jane Ruderman, J.), dated September 17, 2021. The order granted the defendants' motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, without costs or disbursements.
The infant plaintiff, a seventh grade student enrolled at a school in the defendant Yonkers City School District, allegedly sustained injuries when she slipped and fell on wet grass on the school's playground. The infant plaintiff, by her mother, and her mother individually, commenced this action against the defendants, Yonkers City School District, Yonkers Board of Education, and the City of Yonkers, asserting, inter alia, that the defendants negligently supervised the infant plaintiff and negligently maintained the subject premises. The defendants moved for summary judgment dismissing the complaint. In an order dated September 17, 2021, the Supreme Court granted the defendants' motion. The plaintiffs appeal.
"Schools are under a duty to adequately supervise the students in their charge and they will be held liable for foreseeable injuries proximately related to the absence of adequate supervision" (Mirand v City of New York, 84 NY2d 44, 49; see Wilder v City of Long Beach, 214 AD3d 1024, 1025-1026). "Schools are not insurers of safety, however, for they cannot reasonably be expected to continuously supervise and control all movements and activities of students" (Mirand v City of New York, 84 NY2d at 49; see R.B. v Sewanhaka Cent. High Sch. Dist., 207 AD3d 607, 609). Here, the defendants established, prima facie, that the level of supervision afforded to the infant plaintiff was adequate (see Simonides v Eastchester Union Free Sch. Dist., 140 AD3d 728, 730; Walker v City of New York, 82 AD3d 966, 967). In opposition, the plaintiffs failed to raise a triable issue of fact (see Walker v City of New York, 82 AD3d at 967).
The defendants also demonstrated, prima facie, that they did not have actual or constructive notice of any dangerous condition in the area where the accident occurred (see id.; see also Henry v Roosevelt School Dist., 29 AD3d 954, 955). In opposition, the plaintiffs failed to raise a triable issue of fact.
Accordingly, the Supreme Court properly granted the defendants' motion for summary judgment dismissing the complaint.
In light of our determination, we need not reach the plaintiffs' remaining contention.
BARROS, J.P., CHRISTOPHER, WARHIT and WAN, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court