Acosta v Yonkers Pub. Schs. (2024 NY Slip Op 03154)

Acosta v Yonkers Pub. Schs.

2024 NY Slip Op 03154

Decided on June 12, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 12, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
PAUL WOOTEN
BARRY E. WARHIT
LILLIAN WAN, JJ.

2023-02288
 (Index No. 59761/20)

[*1]Karen Acosta, etc., respondent, 
v
Yonkers Public Schools, appellant.

Matthew I. Gallagher, Corporation Counsel, Yonkers, NY (David P. Redmond of counsel), for appellant.
Denlea & Carton LLP, White Plains, NY (John L. Leifert of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Westchester County (Janet C. Malone, J.), dated February 6, 2023. The order denied the defendant's motion for summary judgment dismissing the complaint.
ORDERED that the order is reversed, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint is granted.
The plaintiff, as mother and natural guardian of her infant child, commenced this action against the defendant to recover damages for personal injuries the infant child allegedly sustained when, as a first-grade student, the infant child fell from a slide at a school playground during recess. The complaint asserted a cause of action alleging negligent supervision. The defendant moved for summary judgment dismissing the complaint, contending, among other things, that it provided adequate supervision of the infant child and, in any event, that any alleged negligence on its part was not a proximate cause of the infant child's injuries. In an order dated February 6, 2023, the Supreme Court denied the defendant's motion. The defendant appeals.
"Schools are under a duty to adequately supervise the students in their charge and they will be held liable for foreseeable injuries proximately related to the absence of adequate supervision" (Mirand v City of New York, 84 NY2d 44, 49; see D.M. v Yonkers City Sch. Dist., 220 AD3d 672). "Schools are not insurers of safety, however, for they cannot reasonably be expected to continuously supervise and control all movements and activities of students" (Mirand v City of New York, 84 NY2d at 49; see R.B. v Sewanhaka Cent. High Sch. Dist., 207 AD3d 607, 609).
Here, the defendant established its prima facie entitlement to judgment as a matter of law dismissing the complaint by demonstrating that the level of supervision it provided, which consisted of at least two school monitors for a group of approximately 30 children, was adequate (see Simonides v Eastchester Union Free Sch. Dist., 140 AD3d 728, 730; Calcagno v John F. Kennedy Intermediate Sch., 61 AD3d 911, 912; Navarra v Lynbrook Pub. Schools, Lynbrook Union Free School Dist., 289 AD2d 211) and, in any event, that any alleged negligence on its part was not a proximate cause of the infant child's injuries (see Gonzalez v South Huntington Union Free Sch. Dist., 176 AD3d 920, 921; Ponzini v Sag Harbor Union Free Sch. Dist., 166 AD3d 914, 916). In [*2]opposition, the plaintiff failed to raise a triable issue of fact.
Accordingly, the Supreme Court should have granted the defendant's motion for summary judgment dismissing the complaint.
DILLON, J.P., WOOTEN, WARHIT and WAN, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court